CORRIE J. KLEKOWSKI (SBN 251338)
cklekowski@paulplevin.com
HEATHER C. DAVIS (SBN 307850)
hdavis@paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile:  619-615-0700

Attorneys for Defendants The Board of Trustees of the California State University; Andrea Parashos; and Lee Mintz

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| John Lema, | Case No. 21CV2131 JAH KSC |
|---|---|
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1) & (6)** |
| v. | |
| The Board of Trustees of the California State University System, through its subdivision San Diego State University, Andrea Parashos (in her Individual Capacity), Lee Mintz (in her Individual Capacity), and Does 1-20 (in Their Individual Capacities), | Hearing Date: June 29, 2022<br>Time:          10:30 a.m.<br>District Judge: Hon. John A. Houston<br>Crtrm.:         13B |
| Defendants. | Mag. Judge: Hon. Karen S. Crawford<br>Crtrm:       Suite 1010<br>Trial Date:  Not Set |
| | **EXEMPT FROM FEES<br>GOVT. CODE § 6103** |

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................. 1

II. RELEVANT BACKGROUND ........................................................................ 2

    A. Summary of Mr. Lema's Allegations ..................................................... 2

    B. Mr. Lema's Sues Defendants for Accusing and Charging Him with Violating the University's Student Code of Conduct for Hazing ...................................................................................................... 3

III. STANDARDS FOR A MOTION TO DISMISS ............................................. 4

IV. LEMA'S SECTION 1983 CLAIM IS BARRED BY ELEVENTH AMENDMENT IMMUNITY ........................................................................... 4

V. LEMA'S SECTION 1983 CLAIMS AGAINST DEFENDANTS ARE TIME-BARRED ................................................................................................ 5

VI. LEMA'S STATE LAW CLAIMS ARE BARRED BY CALIFORNIA GOVERNMENT CODE IMMUNITIES ......................................................... 6

    A. Government Code Section 821.6 Provides an Absolute Privilege for All Defendants' Alleged Actions ....................................... 6

    B. CSU Cannot Be Sued for Common Law Claims .................................. 7

    C. Mintz and Parashos are Immune for Their Discretionary Acts .............. 7

    D. Defendants are Immune from Misrepresentation Claims ...................... 8

VII. LEMA'S STATE LAW CLAIMS ARE ALSO BARRED BY THE CALIFORNIA TORT CLAIMS ACT .............................................................. 8

VIII. CONCLUSION ................................................................................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Brooks v. Sulphur Springs Valley Elec. Co-Op*
    951 F.2d 1050 (9th Cir. 1991) ............................................................................. 5

*Federal Maritime Comm'n v. South Carolina State Ports Authority*
    535 U.S. 743 (2002) ............................................................................................ 4

*Franceschi v. Schwartz*
    57 F.3d 828 (9th Cir. 1995) ................................................................................ 5

*Garcia v. City of Merced*
    637 F.Supp.2d. 731 (E.D. Cal. 2008) .............................................................. 6, 7

*Harrison v. Potter*
    323 F.Supp.2d 593 (S.D.N.Y. 2004) .................................................................. 4

*Jackson v. Hayakawa*
    682 F.2d 1344 (9th Cir. 1982) ............................................................................ 5

*Leonhard v. United States*
    633 F.2d 599 (2d. Cir 1980) ............................................................................... 4

*Nicole M By and Through Jacqueline A1 v. Martinez Unified School Dist.*
    964 F.Supp. 1369 (N.D. Cal. 1997) .................................................................... 7

*Pennhurst State Sch. & Hosp. v. Halderman*
    465 U.S. 89 (1984) .............................................................................................. 5

*Reddy v. Litton Indus., Inc.*
    912 F.2d 291 (9th Cir. 1990) .............................................................................. 4

*Robertson v. Dean Witter Reynolds, Inc.*
    749 F.2d 530 (9th Cir. 1984) .............................................................................. 4

*Robinson v. County of Shasta*
    384 F.Supp.3d 1137 (E.D. Cal. 2019) ................................................................ 7

*Seminole Tribe of Fla. v. Florida*
    517 U.S. 44 (1996) .............................................................................................. 4

*Usher v. City Los Angeles*
    828 F.2d 556 (9th Cir. 1987) ...................................................................................... 5

*Watters v. WMATA*
    295 F.3d 36 (D.C. Cir. 2002) ...................................................................................... 4

*Wells v. Board of Trustees of California State University*
    393 F.Supp.2d 990 (N.D. Cal. 2005) .......................................................................... 5

*Western Mining Council v. Watt*
    643 F.2d 618 (9th Cir. 1981) ...................................................................................... 4

*Wormuth v. Lammersville Union School District*
    305 F.Supp.3d 1108 (E.D. Cal. 2018) ........................................................................ 7

**California Cases**

*Amylou R. v. County of Riverside*
    28 Cal.App.4th 1205 (1994) ....................................................................................... 6

*Baughman v. State of California*
    38 Cal.App.4th 182 (1995) ..................................................................................... 5, 6

*County of Kern v. Sparks*
    149 Cal.App.4th 11 (2007) ......................................................................................... 8

*Gensburg v. Miller*
    31 Cal.App.4th 512 (1994) ......................................................................................... 6

*McAllister v. Los Angeles Unified School District*
    216 Cal.App.4th 1198 (2013) ..................................................................................... 7

*McCarty v. State of California Dept. of Transp.*
    164 Cal.App.4th 955 (2008) ....................................................................................... 7

*Rogers v. Centrone*
    261 Cal.App.2d 361 (1968) ........................................................................................ 8

*Wood v. Riverside General Hospital*
    25 Cal.App.4th 1113 (1984) ....................................................................................... 9

**Federal: Statutes, Rules, Regulations, Constitutional Provisions**

42 U.S.C. § 1983 ............................................................................................... *passim*

Fed. R. Civ. P., 12(b)(1) ..................................................................................... 4

Fed. R. Civ.P., 12(b)(6) ...................................................................................... 4

U.S. Const. amend XI ................................................................................ 1, 4, 5

**State: Statutes, Rules, Regulations, Constitutional Provisions**

Cal. Code Regs. tit. 5 § 41301 ............................................................................ 2

Cal. Gov't Code § 815 ................................................................................ 2, 6, 7

Cal. Gov't Code § 815.2 .................................................................................. 7, 8

Cal. Gov't Code § 818.8 .................................................................................. 2, 8

Cal. Gov't Code § 820.2 .................................................................................. 2, 7

Cal. Gov't Code § 821.6 ..................................................................................... 2

Cal. Gov't Code § 822.2 .................................................................................. 2, 8

Cal. Gov't Code § 911.2 ..................................................................................... 9

Cal. Gov't Code § 911.4 ..................................................................................... 9

Cal. Gov't Code § 945.4 ..................................................................................... 8

Cal. Gov't Code § 950.2 ..................................................................................... 8

## I. INTRODUCTION

In July 2020, defendant the Board of Trustees of the California State University, which operates San Diego State University, (the "CSU" or "University") opened a student misconduct investigation to look into reports of hazing by members of the Phi Gamma Delta fraternity. The investigation was conducted by defendants Dr. Lee Mintz and Andrea Parashos pursuant to Executive Order 1098, the University's official quasi-judicial procedures for investigating and disciplining student misconduct. Plaintiff John Lema, a then-student, was notified of the investigation and the allegations of hazing against him.

Mr. Lema was later charged with violating the student code of conduct. He was provided with a letter describing the charges against him and given an opportunity to settle the charges by accepting a proposed disciplinary action. He declined to settle, and the University elected to drop the charges against him. Mr. Lema received his bachelor's degree and was never disciplined.

Mr. Lema now sues the University, along with Dr. Mintz and Ms. Parashos, for merely informing him of the investigation and later of the charges against him. He asserts one federal claim for due process violations under Section 1983, and California common law claims for negligence, negligent infliction of emotional distress, negligent misrepresentation, and fraudulent misrepresentation. However, each of Mr. Lema's claims are barred as a matter of law.

Mr. Lema cannot state a claim against the University, Dr. Mintz or Ms. Parashos under Section 1983, because the Eleventh Amendment Sovereign Immunity bars such suits for damages against states and state employees acting in their official capacity. Even if he could, he failed to timely assert his section 1983 claims within the one-year statute of limitations period.

Mr. Lema's state law claims against Defendants also fail as a matter of law. First, Mr. Lema failed to present a timely tort claim to the University pursuant to the California Tort Claims Act. Second, the University is immune against Mr. Lema's

state claims as a public entity under California Government Code sections 815 and 818.8. As public employees, Dr. Mintz and Ms. Parashos are similarly immune from his state claims under California Government Code sections 821.6, 820.2, and 822.2. These defects are fatal and cannot be cured by any amendment.

For all of the foregoing reasons, Mr. Lema's complaint against Defendants should be dismissed in its entirety, without leave to amend.

## II.   RELEVANT BACKGROUND

### A.   Summary of Mr. Lema's Allegations

Plaintiff John Lema attended San Diego State University ("SDSU") as an undergraduate student during the 2019-2020 academic year. Complaint ("Compl.") ¶ 17. SDSU is operated by Defendant Board of Trustees of the California State University ("CSU" or "University"). While enrolled at SDSU, Mr. Lema was a member of the Phi Gamma Delta Fraternity. Compl. ¶ 18.

On July 8, 2020, Mr. Lema was contacted by Dr. Lee Mintz, Director for the Center of Student Rights and Responsibilities and Title IX Coordinator at SDSU, regarding reports of hazing involving his fraternity. Compl. ¶¶ 6, 21. Dr. Mintz sent Mr. Lema an email informing him that he was reported to have engaged in hazing activities during the 2018-2019 and 2019-2020 academic years which violated the University's student code of conduct codified in Title 5, Section 41301 of the California Code of Regulations. Compl. ¶¶ 22, 23.[1] Two days later, a hold was placed on Mr. Lema's graduation. Compl. ¶ 26.

On November 23, 2020, Ms. Parashos, a Student Conduct Investigator for the Center of Student Rights and Responsibilities at SDSU, emailed Mr. Lema to inform him that he had been charged with violations of the University's student code of

---

[1] The University's response to alleged student conduct violations is governed by Executive Order 1098 ("EO 1098"). Defendants have requested this Court take judicial notice of EO 1098 in consideration of their Motion to Dismiss. Request for Judicial Notice; Notice of Lodgment, Exhibit A.

conduct. Compl. ¶¶ 5, 30, 31. Ms. Parasho's email contained proposed disciplinary action and a settlement agreement related to his charge. Compl. ¶¶ 30, 31. Mr. Lema was also provided with the evidentiary file related to his charges on December 19, 2020. Compl. ¶ 36.

Mr. Lema does not allege that he signed the settlement agreement or that he ever received any discipline. In fact, disciplinary proceedings against Mr. Lema were dropped, his graduation hold was lifted, and he was permitted to graduate. Compl. ¶ 37.

### B. Mr. Lema's Sues Defendants for Accusing and Charging Him with Violating the University's Student Code of Conduct for Hazing

On December 28, 2021, Mr. Lema filed the instant lawsuit against CSU, Dr. Mintz, and Ms. Parashos (collectively "Defendants") alleging claims arising out of the hazing allegations against him. He asserts five causes of action against Defendants, including: (1) Due Process Violations under Section 1983; (2) Negligence; (3) Negligent Infliction of Emotional Distress; (4) Negligent Misrepresentation; and (5) Fraudulent Misrepresentation.

Mr. Lema contends that Dr. Mintz deprived him of due process by *accusing* him of violating student misconduct standards without evidence when she sent him her July 8, 2020 letter notifying him of the investigation. Compl. ¶ 44. Mr. Lema also asserts that Ms. Parashos deprived him of due process by providing him with the November 23, 2020 email and settlement agreement detailing the charges against him and proposed disciplinary action. Compl. ¶ 45.

Mr. Lema's remaining claims are also based on the allegation that Dr. Mintz and Ms. Parashos charged him with misconduct violations before they concluded he was responsible and that he suffered emotional distress as a result. Compl. ¶¶ 50-61. Mr. Lema also claims that Dr. Mintz and Ms. Parashos' communications stating that he had reportedly or actually participated in hazing were untrue and therefore constituted negligent or fraudulent misrepresentations. Compl. ¶¶ 62-68.

### III. STANDARDS FOR A MOTION TO DISMISS

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss where the complaint shows the court lacks jurisdiction over the subject matter of the claim.  A 12(b)(1) motion is an appropriate vehicle for dismissal when a plaintiff's claims are barred by Eleventh Amendment Sovereign immunity.  *Watters v. WMATA*, 295 F.3d 36, 39-40 (D.C. Cir. 2002); *Leonhard v. United States*, 633 F.2d 599, 618, n.27 (2d. Cir 1980); *Harrison v. Potter*, 323 F.Supp.2d 593, 604 (S.D.N.Y. 2004).

To the extent that the Court has jurisdiction over a claim, Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss where the complaint "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P., 12(b)(6).  A court may dismiss a complaint as a matter of law either for lack of a cognizable legal theory or for the absence of sufficient facts under a cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  Moreover, such dismissal may be with prejudice where amendment would be futile because it appears to a certainty that the plaintiff would not be entitled to relief under any set of provable facts.  See *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-297 (9th Cir. 1990).  Though a court assumes the truth of factual allegations and construes them in the light most favorable to the nonmoving party, legal conclusions cast as factual allegations need not be taken as true.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

### IV. LEMA'S SECTION 1983 CLAIM IS BARRED BY ELEVENTH AMENDMENT IMMUNITY

Mr. Lema's 42 U.S.C. section 1983 claims against Defendants are barred by the Eleventh Amendment of the United States Constitution.  In general, the Eleventh Amendment prohibits suits against a state and its agencies for legal or equitable relief.  *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Federal Maritime Comm'n v. South Carolina State Ports Authority*, 535 U.S. 743, 760 (2002).

Moreover, this jurisdictional bar applies regardless of the nature of relief sought, covers suits against state agencies, arms of the state, or departments and applies to both legal or equitable relief. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-102 (1984); *Brooks v. Sulphur Springs Valley Elec. Co-Op*, 951 F.2d 1050, 1053 (9th Cir. 1991); *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995). CSU is an instrumentality of the State of California, and as an arm of the State is entitled to Eleventh Amendment immunity. *Wells v. Board of Trustees of California State University*, 393 F.Supp.2d 990, 995 (N.D. Cal. 2005), *citing Jackson v. Hayakawa*, 682 F.2d 1344, 1349-50 (9th Cir. 1982).

The immunity also extends to state officials acting in their official capacities. (*Baughman v. State of California*, 38 Cal.App.4th 182, 188 (1995). In *Baughman v. State of California*, the plaintiff sued CSU campus police officers for Section 1983 claims arising from a search conducted pursuant to their investigation into campus theft. *Id.* at 182. There, the court determined that because the campus police officers had acted in their official capacity, they were not subject to the provisions of Section 1983, thereby barring plaintiff's claims against them. *Id.* at 182 and 188. Like the campus police officers in *Baughman*, here, Dr. Mintz, as Director for the Center of Student Rights and Responsibilities, and Ms. Parashos, as Student Conduct Investigator, were both CSU officials alleged to have committed due process violations while acting within their official capacities. See e.g. Compl. ¶ 49. Therefore, Dr. Mintz and Ms. Parashos are immune from Mr. Lema's Section 1983 claims against them as well.

## V. LEMA'S SECTION 1983 CLAIMS AGAINST DEFENDANTS ARE TIME-BARRED

The statute of limitations in California for section 1983 claims is one year. *Usher v. City Los Angeles*, 828 F.2d 556, 558 (9th Cir. 1987). Mr. Lema's section 1983 claims are based on the July 8, 2020 letter notifying him of the hazing allegations and the November 23, 2020 email and settlement agreement explaining

the charges against him and proposed disciplinary action. Compl. ¶¶ 44, 45. He complains of no action taken by Defendants after November 23, 2020. Mr. Lema therefore needed to assert his section 1983 claim by November 23, 2021, but he did not file this action until December 28, 2021. Thus, his section 1983 claim against all Defendants is time-barred.

## VI.   LEMA'S STATE LAW CLAIMS ARE BARRED BY CALIFORNIA GOVERNMENT CODE IMMUNITIES

The state law claims asserted against CSU, Dr. Mintz, and Ms. Parashos in Mr. Lema's second, third, fourth and fifth causes of action are barred by various California Government Code immunities which protect public entities and their employees.

### A.   Government Code Section 821.6 Provides an Absolute Privilege for All Defendants' Alleged Actions

Mr. Lema cannot succeed on any claim in this case, because Defendants' are immune as a matter of law for their conduct in instituting and prosecuting student misconduct proceedings under EO 1098. Government Code section 821.6 provides:

> A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause.

Section 821.6 immunity applies to all public employees who institute, investigate, or are otherwise involved in a criminal or administrative investigation or proceeding. *Garcia v. City of Merced*, 637 F.Supp.2d. 731, 751 (E.D. Cal. 2008); *Baughman v. State of California*, 38 Cal.App.4th 182, 191-92 (1995); *Gensburg v. Miller*, 31 Cal.App.4th 512, 518 (1994). Section 821.6 immunizes actions taken in preparation for such proceedings, such as investigations, even if charges are never actually filed. *Amylou R. v. County of Riverside,* 28 Cal.App.4th 1205, 1209-1211 (1994). The public policy behind immunity from civil liability for public officials is

to free them from any fear of litigation or harassment while performing essential duties. *Garcia, supra,* 637 F.Supp.2d at 751.

CSU and its officials, Dr. Mintz and Ms. Parashos, are therefore immune for carrying out student misconduct proceedings against Mr. Lema under EO 1098 under Section 821.6. Cal. Gov't Code § 815.2(b).

### B. CSU Cannot Be Sued for Common Law Claims

Mr. Lema's state law claims are all common law claims: negligence, negligent infliction of emotional distress, negligent misrepresentation, and fraudulent misrepresentation. As a matter of well-established law, a public entity, such as the University, cannot be liable for common law claims. Cal. Gov't Code § 815(a); *Robinson v. County of Shasta*, 384 F.Supp.3d 1137, 1163 (E.D. Cal. 2019) [dismissing negligence claim under Section 815(a)]; *see also Wormuth v. Lammersville Union School District*, 305 F.Supp.3d 1108, 1130 (E.D. Cal. 2018); *McCarty v. State of California Dept. of Transp.*, 164 Cal.App.4th 955, 977 (2008); *McAllister v. Los Angeles Unified School District,* 216 Cal.App.4th 1198, 1218 (2013). Mr. Lema's state law claims are barred as a matter of law for this additional reason.

### C. Mintz and Parashos are Immune for Their Discretionary Acts

Government Code section 820.2 states:

> Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused.

Decisions by school administrators, such as Dr. Mintz and Ms. Parashos, to discipline students and investigate complaints are discretionary acts entitled to Section 820.2 immunity. *Nicole M By and Through Jacqueline A1 v. Martinez Unified School Dist.*, 964 F.Supp. 1369, 1389-90 (N.D. Cal. 1997). Dr. Mintz and Ms. Parashos are immune for their discretionary decisions related to initiating and conducting an EO 1098 proceeding into Mr. Lema. As a result, CSU is also

immune. Cal. Gov't Code § 815.2(b). For this additional reasons, Mr. Lema's state law claims fail.

### D. Defendants are Immune from Misrepresentation Claims

Mr. Lema will also be unable to succeed on his misrepresentation claims, because Defendants are immune under Government Code sections 822.2 and 818.8.

Government Code section 822.2 states:

> A public employee acting in the scope of his employment is not liable for an injury caused by his misrepresentation, whether or not such misrepresentation be negligent or intentional, unless he is guilty of actual fraud, corruption or actual malice.

Similarly, Government Code section 818.8 states:

> A public entity is not liable for an injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional.

Public employees and entities are entitled to immunity against misrepresentation claims where the alleged misrepresentation involves an interference with financial or commercial interests. *County of Kern v. Sparks*, 149 Cal.App.4th 11, 20, (2007). Here, Mr. Lema contends that the statements made to him by Dr. Mintz and Ms. Parashos during the EO 1098 proceeding interfered with his financial interests because he was forced to spend a significant amount of money on attorney's fees to obtain his degree. Compl. ¶¶ 65, 68. However, under Sections 822.2 and 818.8, CSU, Dr. Mintz, and Ms. Parashos are immune from these claims.

### VII. LEMA'S STATE LAW CLAIMS ARE ALSO BARRED BY THE CALIFORNIA TORT CLAIMS ACT

Under the California Tort Claims Act, no suit for "money or damages" may be brought against a public entity or public entity employee until a written claim describing the violations has been presented to the public entity. Cal. Gov't Code §§ 945.4, 950.2; *Rogers v. Centrone*, 261 Cal.App.2d 361, 363 (1968). Timely filing of such a claim is a mandatory element of a claim against a public entity.

*Wood v. Riverside General Hospital*, 25 Cal.App.4th 1113, 1119 (1984). In no circumstance does a plaintiff have more than one year from the accrual of his cause of action to present his claim to the public entity. Cal. Gov't Code §§ 911.2, 911.4.

Here, Mr. Lema has not alleged any facts indicating that he presented a claim to CSU. Additionally, the latest potential date for an accrual of a cause of action as alleged by Mr. Lema was December 2021, after the EO 1098 proceeding had closed. Compl. ¶¶ 29-36. Therefore, it is too late for Mr. Lema to now present a tort claim and his state law claims are therefore barred.

## VIII. CONCLUSION

Defendants respectfully request that their Motion to Dismiss be granted in its entirety for the foregoing reasons.

Dated: April 19, 2022

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By: *s/Corrie J. Klekowski*
CORRIE J. KLEKOWSKI
HEATHER C. DAVIS
Attorneys for Defendants The Board of Trustees of the California State University; Andrea Parashos; and Lee Mintz