KEITH ALTMAN (SBN 257309)
THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorney For Plaintiff John Lema*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Lema, | Case No.: 21CV2131 JAH KSC |
| *Plaintiff,* | Hon. John A. Houston |
| v. | Mag. Judge Hon. Karen S. Crawford |
| The Board of Trustees of the California State University System, through its subdivision San Diego State University, Andrea Parashos (in her Individual Capacity), and Does 1-20 (in their Individual Capacities), | |
| *Defendants.* | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1) & (6)**

RESPONSE TO DEFENDANTS'
MOTION TO DISMISS
- 1 -

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ 3

I. Plaintiff's 1983 Claim is Not Barred by the Eleventh Amendment Immunity .... 5

II. Plaintiff's 1983 Claim is Not Time Barred ............................................................ 6

III. Plaintiff's State Law Claims are Not Barred by California Government Code Immunities ............................................................................................................ 6

    A. Government Code Section 821.6 .............................................................. 6

    B. Common Law Claims Against SDSU ...................................................... 7

    C. Mintz and Parashos Discretionary Acts ................................................... 7

    D. Defendants are Not Immune from Misrepresentation Claims ................. 8

IV. Plaintiff's Claims are Not Barred By the California Tort Claims Act ................. 8

CONCLUSION ............................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Garcia v. City of Merced*, 637 F. Supp. 2d 731 (E.D. Cal. 2008) .............................. 7
*Hafer v. Melo, et. al.*, 502 U.S. 21 (1991) .................................................................. 5
*Harrison v. Potter*, 323 F.Supp.2d 593 (S.D.N.Y. 2004) ............................................ 5
*Kemmerer v. County of Fresno*, 200 Cal. App. 3d 1426 (1988) ................................ 7
*Leonhard v. United States*, 633 F.2d 599 (2d. Cir 1980) .......................................... 5
*Pena v. Gardener*, 976 F.2d 469 (9th Cir. 1992) ....................................................... 6
*Pennhurst States School and Hospital v. Halderan*, 465 U.S. 89 (1984) ................. 6
*Usher v. City Los Angeles*, 828 F.2d 556 (9th Cir. 1987) .......................................... 6
*Watters v. WMATA*, 295 F.3d 36 (D.C. Cir. 2022) .................................................... 5

**Statutes**

Cal. Gov't Code § 815(a) ............................................................................................ 7
Cal. Gov't Code § 822.2 ............................................................................................. 8
Cal. Gov't Code §815.2(a) .......................................................................................... 7
Fed. R. Civ. P., 12(b)(6) .............................................................................................. 5
Rule 12(b)(1) ............................................................................................................... 5

**NOW COMES** Plaintiff John Lema, by and through his attorneys, the Law Office of Keith Altman, with his Response to Defendants' Motion to Dismiss, and hereby states as follows:

## FACTUAL BACKGROUND

In the 2019-2022 academic year, Plaintiff was a student at San Diego State University ("SDSU"). Plaintiff was a member of the Phi Gamma Delta Fraternity while enrolled at SDSU. Plaintiff never held a leadership position within the fraternity. Further, Plaintiff had rare association with new pledges to the fraternity as he was never assigned a "little".

Plaintiff was scheduled to graduate in August 2020.

In July 2020, Plaintiff received an email from Defendant Mintz stating that he had allegedly violated specific portions of the California Code of Regulations initiating discipline proceedings, after an alleged hazing agreement at SDSU. Plaintiff was not involved in the alleged hazing incident, no evidence was brought forward at the time, or anytime thereafter, linking Plaintiff to the hazing event. Plaintiff was investigated solely for his membership with the fraternity.

On July 10, 2020, a hold was placed on Plaintiff's graduation. In August 2020, Plaintiff retained counsel to advise him on the disciplinary matter.

In November of 2020, Plaintiff received a Settlement Agreement from SDSU stating multiple code violations without a single piece of evidence in support of such an agreement. The Settlement Agreement sought to compel Plaintiff to accept punishments for actions that he did not commit which would ultimately reflect on Plaintiff's academic transcript.

A report was sent to Plaintiff in December of 2020 on the alleged hazing incident. At no point in the report is Plaintiff's name listed. Further, there is no evidence that Plaintiff was present at the fraternity's event.

Plaintiff was able to graduate in May 2021 after substantial pressure was applied on SDSU by Plaintiff's counsel and all disciplinary proceedings against Plaintiff were dropped. Plaintiff suffered immense emotional suffering and hardship. Defendants' actions caused Plaintiff to incur significant attorney's fees to obtain the degree that he worked so hard for, absent SDSU's erroneous proceedings.

## STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss where the complaint shows the court lacks jurisdiction over the subject matter of the claim. A 12(b)(1) motion is an appropriate vehicle for dismissal when a plaintiff's claims are barred by the Eleventh Amendment Sovereign immunity. *Watters v. WMATA*, 295 F.3d 36 (D.C. Cir. 2022); *Leonhard v. United States*, 633 F.2d 599 (2d. Cir 1980); *Harrison v. Potter*, 323 F.Supp.2d 593 (S.D.N.Y. 2004).

To the extent that the Court has jurisdiction over a claim, Federal Rule of Civil Procedure12(b)(6) permits a motion to dismiss where the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P., 12(b)(6).

## ARGUMENT

I.  **Plaintiff's 1983 Claim is Not Barred by the Eleventh Amendment Immunity**

Plaintiff's §1983 claims are not barred by the Eleventh Amendment. The Supreme Court has held that state officials sued in their individual capacity are "persons" within the meaning of §1983 and are thus not barred from claims under the Eleventh Amendment. *Hafer v. Melo, et. al.*, 502 U.S. 21 (1991). Defendant

Mintz and Defendant Parashos are "persons" under §1983 and thus their violations of Plaintiff's rights allow suit to be brought against them individually.

The 9th Circuit has laid precedent on multiple occasions that the Eleventh Amendment does not bar a Plaintiff's claims when state officials are sued in their individual capacities. *Pena v. Gardener*, 976 F.2d 469 (9th Cir. 1992). The 9th Circuit, in *Pena* noted that "We have interpreted *Pennhurst II* to mean that "the eleventh amendment does not bar a suit seeking damages against a state official personally." *Id.* (citing *Pennhurst States School and Hospital v. Halderan*, 465 U.S. 89 (1984)).

The Due Process claims against the Defendants are not barred by the Eleventh Amendment.

II. **Plaintiff's 1983 Claim is Not Time Barred**

Plaintiff's §1983 claim is not time barred. The statute of limitations for §1983 claims is one year. *Usher v. City Los Angeles*, 828 F.2d 556 (9th Cir. 1987). Plaintiff's claims are based on events that happened from July 2020 when Defendants investigation of Plaintiff began throughout the duration of Defendants investigation which concluded in spring of 2021. Plaintiff's §1983 claims having been filed on December 28, 2021, is timely.

III. **Plaintiff's State Law Claims are Not Barred by California Government Code Immunities**

A. **Government Code Section 821.6**

Defendants are not immune based on California Government Code 821.6. "Under Section 1983, a 'person' acting under color of law may be sued for violations of the U.S. Constitution or federal laws. The term 'persons' under section 1983 encompasses state and local officials sued in their *individual capacities*, private individuals and entities which acted under color of state law, and local

governmental entities." *Garcia v. City of Merced*, 637 F. Supp. 2d 731 (E.D. Cal. 2008).

Further, the investigation into Plaintiff was intentional and ungrounded. Defendants' investigation into Plaintiff's actions was intentional to cause harm to Plaintiff. Defendants knew based on their report that Plaintiff was not involved in the alleged hazing event. However, they continued to deprive Plaintiff of his education and caused severe distress to Plaintiff.

### B. Common Law Claims Against SDSU

Defendants cite Cal. Gov't Code § 815(a) stating that a public entity, such as the University, cannot be liable for common law claims. They fail to follow through with Cal. Gov't Code §815.2(a) which states "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative".

Plaintiff's common law claims are not barred as Plaintiff's injuries could be litigated against the University employees absent the Code.

### C. Mintz and Parashos Discretionary Acts

Defendant Mintz and Defendant Parashos argue that they are immune from the claims because the acts or omissions on which the claim is based were discretionary, this is not definitive. "'Generally speaking, a discretionary act is one which requires the exercise of judgment or choice. Discretion has also been defined as meaning equitable decision of what is just and proper under the circumstances.'" *Kemmerer v. County of Fresno*, 200 Cal. App. 3d 1426 (1988). Whether the Defendants actions were discretionary is a question for the Court.

Plaintiff argues that Defendants actions were not discretionary but were willful and wonton action against the Plaintiff. Not a single piece of evidence of Plaintiff's involvement in the alleged hazing incident had been obtained. Further, Defendants were aware that there was no evidence of Plaintiff's involvement, yet they continued to deprive Plaintiff of his education and submit him to the emotional trauma of the ongoing investigation; going as far as to provide a Settlement Agreement for actions they knew he was not a part of.

### D. Defendants are Not Immune from Misrepresentation Claims

Cal. Gov't Code § 822.2 states "A public employee acting in the scope of his employment is not liable for an injury caused by his misrepresentation, whether or not such misrepresentation be negligent or intentional, unless he is guilty of actual fraud corruption or actual malice. Defendants acted with deliberate malice when they conducted an all-encompassing investigation into the alleged hazing event. Plaintiff was in no way a party to the alleged event, the only connection between the event and Plaintiff is his connection to the fraternity involved. SDSU's investigation was maliciously conducted to harm all students that chose to be a part of the fraternity. When no evidence was found linking Plaintiff to the alleged hazing incident Defendants continued to further Plaintiff's pain by offering a Settlement Agreement requiring Plaintiff to admit wrong doing that Defendants were aware Plaintiff did not participate in, directly causing harm to Plaintiff through his education.

Defendants are not immune from misrepresentation claims.

### IV. Plaintiff's Claims are Not Barred By the California Tort Claims Act

Plaintiff's tort claims are not barred as Plaintiff was in constant written and verbal communications with SDSU. Defendants were provided with the claim information on multiple occasions including a direct SDSU form on claims. From

the start of SDSU's investigation through May of 2021 when all of the malicious and slanderous claims against Plaintiff were dropped, Plaintiff both personally as well as through counsel was in contact with SDSU. Plaintiff's claims are not barred.

## CONCLUSION

It is unconscionable that Plaintiff be subject to the persecution and disruption to his education that Defendants maliciously caused. Plaintiff did nothing wrong, at no time was a shred of evident presented that would link Plaintiff to the alleged hazing event. Yet Plaintiff was targeted by Defendants because of his membership with a campus fraternity. Defendants took it as far as to send Plaintiff a Settlement Agreement, pressured him to sign it stating that he partaken in terrible acts which he had not been a part of, disrupting his education and incurring significant attorney fees. Defendants attempt at immunity from suit is unconscionable.

For the foregoing reasons, Defendants' Motion to Dismiss should be denied.

Dated: May 31, 2022                    Respectfully submitted,

THE LAW OFFICE OF KEITH ALTMAN

Keith Altman (SBN 257309)

33228 West 12 Mile Road, Suite 375

Farmington Hills, Michigan 48334

Telephone: (248) 987-8929

keithaltman@kaltmanlaw.com

*ATTORNEY FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2022, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system, thereby serving all registered users in this case.

/s/ Keith Altman
Keith Altman