KEITH ALTMAN (SBN 257309)

THE LAW OFFICE OF KEITH ALTMAN

33228 West 12 Mile Road, Suite 375

Farmington Hills, Michigan 48334

Telephone: (248) 987-8929

keithaltman@kaltmanlaw.com

*Attorney For Plaintiff John Lema*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Lema, | Case No.: 21CV2131 JAH KSC |
| *Plaintiff,* | Hon. John A. Houston |
| v. | Mag. Judge Hon. Karen S. Crawford |
| The Board of Trustees of the California State University System, through its subdivision San Diego State University, Andrea Parashos (in her Individual Capacity), and Does 1-20 (in their Individual Capacities), | |
| *Defendants.* | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' SPECIAL MOTION TO STRIKE AND FOR ATTORNEYS FEES

RESPONSE TO DEFENDANTS'
MOTION TO STRIKE AND FOR ATTORNEYS FEES

- 1 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF CONTENTS

TABLE OF AUTHORITIES     3

I.   Prong One: Special Motion to Strike Under California Code of Civil Procedure Section 425.16 – Not Proper     6

II.     Anti-SLAPP Statue – False Statements     7

III.    Anti-SLAPP – Proceedings     7

IV.    Prong Two: Likelihood of Success on the Merits     8

V.     Defendants Not Entitled to Attorney Fees     9

CONCLUSION     10

1

# **TABLE OF AUTHORITIES**

2

3

**Cases**

*Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60 (1983)........................................... 7

4

*Gertz v. Robert Welch, inc. 418 U.D. 323* (1974)....................................................... 7

*Hull v. Rossi*, 13 Cal. App. 4th 1763 (1993).............................................................. 5

5

*Hunter v. CBS Broadcasting, Inc.*, 221 Cal. App. 4th 1510 (2013) ......................... 8

*Lafayette Morehouse v. Chronicle Publishing Co.*, 37 Cal. App. 4th 855 (1995) ..... 5

6

*Nygard. Inc. v. Uusi-Kerttula*, 159 Cal. App. 4th (2008)............................................ 6

*Soukup v. Law Offices of Herbert Hafif*, 39 Cal. 4th 260 (2006) ............................... 9

7

*Virginia State Bd. Of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425

    U.S. 748 (1976).................................................................................................... 7

8

*Zamos v. Stroud*, 32 Cal. 4th 958 (2007).................................................................... 8

**Statutes**

9

Cal. Code Civ. Proc. §425.16(c) ................................................................................ 9

Cal. Code Civ. P. §425.16........................................................................................... 5

10

Cal. Code Civ. P. §425.16(b)(1)................................................................................. 8

Cal. Code Civ. P. §425.16(e) ..................................................................................... 6

11

Cal. Code. Civ. P. §425.16(a) .................................................................................... 5

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **NOW COMES** Plaintiff John Lema, by and through his attorneys, the Law

2    Office of Keith Altman, with his Response to Defendants' Special Motion to Strike

3    and Attorney's Fees, and hereby states as follows:

4

5                                     **FACTUAL BACKGROUND**

6

7         In the 2019-2022 academic year, Plaintiff was a student at San Diego State

8    University ("SDSU"). Plaintiff was a member of the Phi Gamma Delta Fraternity

9    while enrolled at SDSU. Plaintiff never held a leadership position within the

10   fraternity. Further, Plaintiff had rare association with new pledges to the fraternity

11   as he was never assigned a "little".

12        Plaintiff was scheduled to graduate in August 2020.

13        In July 2020, Plaintiff received an email from Defendant Mintz stating that

14   he had allegedly violated specific portions of the California Code of Regulations

15   initiating discipline proceedings, after an alleged hazing agreement at SDSU.

16   Plaintiff was not involved in the alleged hazing incident, no evidence was brought

17   forward at the time, or anytime thereafter, linking Plaintiff to the hazing event.

18   Plaintiff was investigated solely for his membership with the fraternity.

19        On July 10, 2020, a hold was placed on Plaintiff's graduation. In August

20   2020, Plaintiff retained counsel to advise him on the disciplinary matter.

21        In November of 2020, Plaintiff received a Settlement Agreement from

22   SDSU stating multiple code violations without a single piece of evidence in

23   support of such an agreement. The Settlement Agreement sought to compel

24   Plaintiff to accept punishments for actions that he did not commit which would

25   ultimately reflect on Plaintiff's academic transcript.

26

27

28

**RESPONSE TO DEFENDANTS'**                    -4-
**MOTION TO STRIKE AND FOR**
**ATTORNEYS FEES**

1  A report was sent to Plaintiff in December of 2020 on the alleged hazing

2  incident. At no point in the report is Plaintiff's name listed. Further, there is no

3  evidence that Plaintiff was present at the fraternity's event.

4  Plaintiff was able to graduate in May 2021 after substantial pressure was

5  applied on SDSU by Plaintiff's counsel and all disciplinary proceedings against

6  Plaintiff were dropped. Plaintiff suffered immense emotional suffering and

7  hardship. Defendants' actions caused Plaintiff to incur significant attorney's fees to

8  obtain the degree that he worked so hard for, absent SDSU's erroneous

9  proceedings.

10

11  <u>**STANDARD OF REVIEW**</u>

12  A special motion to strike under Cal. Code Civ. P. §425.16 allows a

13  defendant to seek early dismissal of a lawsuit that qualifies as a Strategic Lawsuit

14  Against Public Participation ("SLAPP"). These are lawsuits "without merit filed to

15  dissuade or punish the exercise of First Amendment rights of defendants."

16  *Lafayette Morehouse v. Chronicle Publishing Co*., 37 Cal. App. 4th 855 (1995).

17  SLAPP plaintiffs file "solely for delay and distractions and to punish activists by

18  imposing litigation costs on them". *Id*, see also *Hull v. Rossi*, 13 Cal. App. 4th

19  1763 (1993). In *Hull*, a SLAPP suit is defined as "one brought to intimidate and for

20  purely political purposes". *Id.*

21  The anti-SLAPP statute was not intended to bar all litigation affecting First

22  Amendment rights. Instead, it was enacted to encourage participation in matters of

23  public significance and ensure that such participation would not be chilled through

24  the abuse of the judicial process. Cal. Code. Civ. P. §425.16(a). As a result, the

25  statue contemplates the early dismissal of non-meritorious actions filed with the

26  sole intent to prevent or punish a party for exercising First Amendment rights.

27  *Lafayette Morehouse* at 865.

28

**RESPONSE TO DEFENDANTS'**
**MOTION TO STRIKE AND FOR**
**ATTORNEYS FEES**                                          -5-

1    To rule on an anti-SLAPP motion to strike, the Court must engage in a two-
2    step process. First, the Court must decide whether the defendant has made a
3    threshold showing that he challenged cause of action is one arising from protected
4    activity. *Navellier v. Sletten*, 29 Cal. 4th 82 (2002). Defendant must show that the
5    acts about which plaintiff complaints were taken "in furtherance of the
6    [defendant]s right of petition or free speech under the United States or California
7    Constitution in connection with a public issue," as defined by Cal. Code Civ. P.
8    §425.16. If the first prong is met, the burden then shifts to the plaintiff to
9    demonstrate a probability of prevailing on the claim. *Vargas v. City of Salinas*, 46
10   Cal. 4th 1 (2009); *Taus v. Loftus*, 40 Cal. 4th 683 (2007); *Equilon Enterprises, LLC*
11   *v. Consumer Cause*, Inc., 29 Cal. 4th 53 (2002). Only a case that satisfies both
12   prongs of the anti-SLAPP, subject to being stricken under the statute. *Navellier* at
13   88-89.
14       Neither prong can be met. For that reason alone, Defendants anti-SLAPP
15   motion should be denied.

### **ARGUMENT**

16
17
18   I.   **Prong One: Special Motion to Strike Under California Code of Civil**
19        **Procedure Section 425.16 – Not Proper**
20
21       Defendants bear the initial burden of showing that the alleged SLAPP suit
22   falls within the class of suits subject to a motion to strike under§425.16. It,
23   therefore, must demonstrate that the acts underlying Defendants claims were taken
24   "in furtherance of the Defendants right of petition or free speech under the United
25   States or California Constitution in connection with a public issue," as set forth in
26   one of the four categories of conduct described in Cal. Code Civ. P. §425.16(e).
27   *Nygard. Inc. v. Uusi-Kerttula*, 159 Cal. App. 4th (2008). Here, Defendants claim
28

**RESPONSE TO DEFENDANTS'**                              -6-
**MOTION TO STRIKE AND FOR**
**ATTORNEYS FEES**

that the acts fall within under CSU's Executive Order 1098 ("EO 1098"), which details the investigation process relating to complaints of student misconduct. The challenged statements are purely statements made within an investigation relating to a single student. The speech in question has no implicating broad issue of public interest, Defendants cannot satisfy the first prong of the anti-SLAPP suit test. On that basis alone, its motion should be denied.

## II.     Anti-SLAPP Statue – False Statements

There is no constitutional value in false statements of fact. *Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60 (1983), citing *Gertz v. Robert Welch, inc. 418 U.D. 323* (1974). "Untruthful speech, commercial or otherwise, has never been protected for its own sake." *Id.*, citing *Virginia State Bd. Of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748 (1976).

Defendants investigated with zero evidence of the Plaintiff's involvement, continued to progress through the investigation which zero evidence, putting a hold on Plaintiff's graduation, requiring him to retain counsel and offering an unfounded settlement agreement at which point there remained zero evidence of Plaintiffs involvement. The present case is not one of First Amendment protections, but instead an investigation based on false statements of fact.

As such, the statements here are entitled to limited, *if any*, protections under California's anti-SLAPP statute.

## III.     Anti-SLAPP – Proceedings

Even if the statements are accorded some First Amendment protection, they still do not fall within the ambit of the anti-SLAPP statute.

Defendants claim that their speech is protected as an official proceeding, as it falls under Executive Order 1098. Defendants state that CSU's executive orders

RESPONSE TO DEFENDANTS'
MOTION TO STRIKE AND FOR
ATTORNEYS FEES

-7-

have the force and effect of law. *Defendants Motion to Strike page 2*. Executive Order 1098 provides that complaints of student misconduct are directed to the student conduct administrator for investigation. ***Following an investigation***, the student conduct administrator determines whether it is appropriate to chare a student with a violation of the student conduct code and initiate student conduct proceedings. *Id.*

Courts look to the "core injury-producing conduct upon which the plaintiff's claim is premised" to determine whether the claim arises from protected conduct. *Hunter v. CBS Broadcasting, Inc.*, 221 Cal. App. 4th 1510 (2013).

Plaintiffs' injury resulted from Defendant's negligent actions. Defendants seek to hide their actions under the guise of a protected proceeding. There is not a shred of evidence, nor has there ever been evidence, linking Plaintiff's to the allege incident that came under investigation at CSU. Defendants continued their negligent behavior under the guise of a protected proceeding, taking it as far as offering Plaintiff a proposed settlement agreement that would require Plaintiff to admit to having taken part in an event that caused an individual to lose his life, which Plaintiff was not a part of without a shred of evidence against Plaintiff.

Defendants action are not, and should not, be qualified as a protected proceeding.

## IV.    Prong Two: Likelihood of Success on the Merits

Even if Defendants could show that this lawsuit arises out of protected activity, its Motion to Strike would still fail because it is probable that Plaintiff can prevail on its claims. Under the anti-SLAPP statute, even where a lawsuit arises out of protected activity, a motion to strike still may not be granted if "the plaintiff has established that there is a probability that [it] will prevail on the claim." Cal.

1  Code Civ. P. §425.16(b)(1). The question is whether the plaintiff can put forth

2  evidence "that, if believed by the trier of fact, [is] sufficient to support a judgment

3  in plaintiff's favor." *Zamos v. Stroud*, 32 Cal. 4th 958 (2007).

4      Here, Defendant bring this present Motion to Strike in relation to Plaintiff's

5  state law claims only. Plaintiff's state law claims include negligence, negligent

6  infliction of emotional distress, negligent misrepresentation and fraudulent

7  misrepresentation. It is uncontested that Defendants conducted an investigation

8  into Plaintiff over an alleged hazing event. It is uncontested that there was zero

9  evidence of Plaintiff's involvement in the event. It is uncontested that Plaintiff had

10  a hold placed on his graduation. It is uncontested that Defendants offered Plaintiff

11  a settlement agreement which provided zero evidence of Plaintiff's involvement of

12  the purported hazing event. Signing the proposed settlement agreement was

13  required prior to Defendants being willing to lift the hold on Plaintiff's graduation.

14  The settlement agreement required Plaintiff to admit to having taken part in an

15  event that caused an individual to lose his life, which Plaintiff was not a part of.

16      All of this, along with Plaintiff's operative Complaint provides for a

17  showing that Plaintiff could succeed on his claims. Accepting the evidence in the

18  light most favorable to Plaintiff, Defendants motion must fail. Plaintiff has

19  exceeded the "minimum merit" threshold for denying a motion to strike. *Soukup v.*

20  *Law Offices of Herbert Hafif*, 39 Cal. 4th 260 (2006).

21

**V.    Defendants Not Entitled to Attorney Fees**

22      The prevailing Defendant on a motion to strike "shall be entitled" to recover

23  its attorney's fees and costs. Cal. Code Civ. Proc. §425.16(c).

24      Accepting the evidence in the light most favorable to Plaintiff, Defendants

25  motion must fail. Plaintiff has exceeded the "minimum merit" threshold for

26  denying a motion to strike. *Soukup v. Law Offices of Herbert Hafif*, 39 Cal. 4th 260

27  (2006). Defendants are not entitled to its attorneys fees and costs.

28

RESPONSE TO DEFENDANTS'                    -9-
MOTION TO STRIKE AND FOR
ATTORNEYS FEES

1

2
## CONCLUSION

3      Defendants Motion to Strike is unfounded. Defendants have not met its

4  burden of showing how the unfounded investigation tactics fall within the anti-

5  SLAPP statute. Moreover, even if it had met that burden, Plaintiff has shown a

6  probability of prevailing on its claims because the unfounded investigation violated

7  Plaintiff's rights. For the foregoing reasons, Defendants' Motion to Strike and for

8  Attorney Fees should be denied.

9

10

11   Dated: June 15, 2022                    Respectfully submitted,

12

13

14

15                                          THE LAW OFFICE OF KEITH ALTMAN

16                                          Keith Altman (SBN 257309)

17                                          33228 West 12 Mile Road, Suite 375

18                                          Farmington Hills, Michigan 48334

19                                          Telephone: (248) 987-8929

20                                          keithaltman@kaltmanlaw.com

21                                          *ATTORNEY FOR PLAINTIFF*

22

23

24

25

26

27

28

**RESPONSE TO DEFENDANTS'**                 -10-
**MOTION TO STRIKE AND FOR**
**ATTORNEYS FEES**

1

**<u>CERTIFICATE OF SERVICE</u>**

2

3

I hereby certify that on June 15, 2022, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system, thereby serving all registered users in this case.

4

5

*/s/ Keith Altman*
Keith Altman

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28