CORRIE J. KLEKOWSKI (SBN 251338)
cklekowski@paulplevin.com
HEATHER C. DAVIS (SBN 307850)
hdavis@paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile:  619-615-0700

Attorneys for Defendants The Board of Trustees of the California State University; Andrea Parashos; and Lee Mintz

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Lema, <br><br> Plaintiff, <br><br> v. <br><br> The Board of Trustees of the California State University System, through its subdivision San Diego State University, Andrea Parashos (in her Individual Capacity), Lee Mintz (in her Individual Capacity), and Does 1-20 (in Their Individual Capacities), <br><br> Defendants. | Case No. 21CV2131 JAH KSC <br><br> **DEFENDANTS' REPLY IN SUPPORT OF THEIR SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT [C.C.P. § 425.16] AND FOR ATTORNEYS' FEES** <br><br> Hearing Date: June 29, 2022 <br> Time:              10:30 a.m. <br> District Judge: Hon. John A. Houston <br> Crtrm.:            13B <br><br> Mag. Judge:   Hon. Karen S. Crawford <br> Crtrm:            Suite 1010 <br> Trial Date:     Not Set <br><br> **EXEMPT FROM FEES** <br> **GOVT. CODE § 6103** |

## I.   INTRODUCTION

Former student, John Lema, sued the University and two University employees, Dr. Lee Mintz and Andrea Parashos, solely for informing him of the University's investigation into reports of hazing at Mr. Lema's fraternity and later of the student misconduct charges against Mr. Lema. Defendants moved to strike Mr. Lema's four state claims under California's anti-SLAPP statute (Code of Civil Procedure section 425.16) because Mr. Lema's claims are without merit and attack Defendants' protected petitioning conduct.

Mr. Lema's opposition does not address the directly on-point authority that proceedings under CSU Executive Order 1098, such as Defendants' student misconduct investigation, are protected by the anti-SLAPP statute as official proceedings authorized by law. Instead, Mr. Lema asserts two reasons why he believes Defendants have not satisfied their burden under prong one of the anti-SLAPP statute to show that his state claims arise from protected conduct.

First, Mr. Lema argues Defendants' investigation should not be protected because it did not concern a matter of public interest. However, he miscites the standard for petitioning conduct under the anti-SLAPP statute, which does *not* require showing a connection to a public issue. And second, Mr. Lema asserts that the anti-SLAPP statute cannot protect Defendants against their illegitimate conduct, such as making false statements or committing negligent actions. But any alleged illegitimacy of Defendants' conduct is not to be considered in conjunction with Defendants' prong one burden, but instead must be raised by Mr. Lema in connection with his own prong two burden to show a probability of prevailing on the merits. Thus, Mr. Lema fails to show that his claims did not arise from protected petitioning activity.

Moreover, Mr. Lema does not satisfy his prong two burden to demonstrate that he is likely to prevail on his claims against Defendants. Mr. Lema does not dispute that Defendants are immune from liability from Mr. Lema's state claims as a

matter of law.  Nor does Mr. Lema offer any admissible evidence to meet his burden to show a likelihood of prevailing on his claims.

Because Mr. Lema's claims lack merit and attack Defendants' protected conduct, Defendants request that their anti-SLAPP motion be granted.

## II. PRONG ONE: LEMA'S CLAIMS AGAINST DEFENDANTS ARISE SQUARELY UNDER THE ANTI-SLAPP STATUTE

As set forth in Defendants' moving papers, Mr. Lema sues Defendants for their statements made in furtherance of University proceedings arising under CSU Executive Order 1098, which is protected by the anti-SLAPP statute as petitioning conduct.  Code Civ. Proc. § 425.16 (e)(1), (2); *Laker v. Board of Trustees of California State University*, 32 Cal.App.5th 745, 765 (2019).  As a matter of law, proceedings under Executive Order 1098 are "official proceedings authorized by law." *Id*.  And Mr. Lema does not contend otherwise.  See Dkt. 9, Opposition, 6:27-7:4, 7:26-8:6.

Instead, Mr. Lema argues that Defendants have not satisfied the first prong of the anti-SLAPP statute – showing that his claims arose from protected activity – for two reasons:

1. Mr. Lema suggests that Defendants' investigation cannot be protected because it did not involve a matter of public interest.
2. Mr. Lema argues that Defendants' alleged illegitimate conduct, such as false or fraudulent statements or negligent actions, should not be protected by the anti-SLAPP statute.

As described in detail below, neither argument has merit or demonstrates that Mr. Lema's claims did not arise from protected petitioning activity.

### A. Defendants' Conduct During Their Investigation Is Protected as Petitioning Conduct Regardless of Whether It Involved a Public Issue.

Mr. Lema asserts that the anti-SLAPP statute does not protect Defendants against statements made by the University during its student misconduct

investigation because their investigation did not involve a matter of public interest. Dkt. 9, Opposition, 7:2-6. However, he erroneously applies the anti-SLAPP standard for *free speech* instead of the applicable standard for *petitioning conduct*.

The conduct underlying Mr. Lema's claims does not pertain to the right to free speech (Section 425.16, subdivision (e)(3)), but the right to petition, i.e. availing oneself to the courts or legislative process or other quasi-judicial/quasi-legislative proceedings (subdivisions (e)(1) and(2)). The California Supreme Court has held that the plain language of anti-SLAPP statute encompasses any cause of action arising from *any* statement or writing made in, or in connection with an issue under consideration by an official proceeding—a moving defendant is not required to demonstrate separately that the statement concerned an issue of public significance. *See Briggs v. Eden Council for Hope & Opportunity*, 19 Cal.4th 1106, 1116-1117 (1999); Code Civ. Proc. § 425.16 (e)(1), (2). The anti-SLAPP statute protects *all* petition-related activities *even if no public issue is involved*. *Id.* ["all that matters is that the First Amendment activity take place in an official proceeding or be made in connection with an issue being reviewed by an official proceeding"…"The statute does not limit its application to certain types of petition activity"]. Thus, whether the University's investigation involved a matter of public interest has no bearing on the Court's anti-SLAPP analysis here.

## B. Lema's Arguments that Defendants Acted Illegitimately Are Irrelevant to Prong One of the Anti-SLAPP Analysis

Next, Mr. Lema asserts that the anti-SLAPP statute should not protect Defendants because he alleges they relied upon false statements and were negligent in conducting the official proceeding. Dkt. 9, Opposition, 7:18-21, 8:10-19. However, these assertions are irrelevant to determining the first step of the anti-SLAPP analysis – whether Mr. Lema's claims arise under the statute. To the extent Mr. Lema has a factual dispute about the legitimacy of Defendants' conduct, it cannot be resolved within the first step but must be raised by him in connection with

his burden to show a probability of prevailing on the merits. *See Doe v. Gangland Productions, Inc.*, 730 F.3d 946, 954 (9th Cir. 2013) (quoting *Navellier v. Sletten*, 29 Cal.4th 82, 94 (2002) ["To determine whether a defendant has met its initial burden, a court does not evaluate whether defendant's conduct was lawful or unlawful. Instead, any claimed illegitimacy of the defendant's acts is an issue which the plaintiff must raise *and* support in the second step of the analysis when the plaintiff bears the burden to show a probability of prevailing"].) If, as Mr. Lema argues, an anti-SLAPP defendant must establish on the first prong that its actions are constitutionally protected as a matter of law, then the second prong "as to whether the plaintiff has established a probability of success would be superfluous." *Id.* Accordingly, California courts and the Ninth Circuit have consistently held that Defendants may satisfy their prong one burden to show they were engaged in petitioning conduct under the anti-SLAPP statute, even when their conduct was alleged by Plaintiff to be unlawful. *Id.* at 954.

### III. PRONG TWO: LEMA OFFERS NO EVIDENCE OR ARGUMENT DEMONSTRATING A LIKELIHOOD OF SUCCESS AGAINST DEFENDANTS

Because Defendants have established that the claims against them arise from protected conduct, the burden shifts to Mr. Lema to show that he is likely to prevail on each challenged claim. Code Civ. Proc. § 425.16(b)(1); *Vergos v. McNeal*, 146 Cal.App.4th 1387, 1400 (2007) [When a SLAPP defendant makes a threshold showing that a cause of action arises from protected speech or conduct, the burden shifts to the plaintiff to show, through admissible evidence, a probability of prevailing on the merits at trial]. Mr. Lema has abjectly failed to meet his burden.

First, Mr. Lema does not demonstrate that his claims against Defendants are legally tenable. Mr. Lema cannot prevail because Defendants are immune from liability for their acts in instituting and prosecuting quasi-judicial disciplinary proceedings against him and his fraternity members. Cal. Gov't Code § 821.6 [no

liability for conduct instituting and prosecuting administrative proceedings]; Cal. Gov't Code §§ [tort claims barred unless timely presented under Tort Claims Act]; Cal. Gov't Code § 815(a) [no liability for common law claims]; Cal. Gov't Code § 820.2 [no liability for discretionary acts]; Cal. Gov't Code §§ 822.2 and 818.8 [no liability for misrepresentations].  Mr. Lema does not dispute that all of these immunities apply and bar Mr. Lema's claims.

Second, Mr. Lema offers no admissible evidence to support his claims.[1]  *Vergos*, 146 Cal.App.4th at 1404.  Since Mr. Lema failed to offer any admissible evidence or declaration in support of his opposition, Defendants' anti-SLAPP motion must be granted.  *Conroy v. Spitzer*, 70 Cal.App.4th 1446, 1450 (1999) ["If the opposing party fails to make the requisite showing, the anti-SLAPP motion must be granted."].

## IV.  DEFENDANTS MUST BE AWARDED FEES AND COSTS

A prevailing defendant on a special motion to strike "shall be entitled" to recover her attorneys' fees and costs.  Code Civ. Proc. § 425.16(c); *Ketchum v. Moses*, 24 Cal.4th 1122, 1131 (2001).  Defendants will submit a separate motion requesting their reasonable fees and costs, and requests that the Court award them the fees and costs incurred in connection with this motion.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] At most, Mr. Lema lists a series of allegations he claims are "uncontested" but fails to offer any actual evidence in support of them.  Dkt. 9, Opposition, 9:7-15.  Defendants disagree that the allegations are in fact uncontested.  Regardless, Mr. Lema's mere assertion that certain allegations are not contested, without more, is not sufficient to meet his burden under the anti-SLAPP statute.

## V. CONCLUSION

For the reasons set forth herein and in Defendants' moving papers, Defendants respectfully request that the Court grant their Motion to Strike Mr. Lema's complaint and award them the fees and costs incurred in bringing this motion.

Dated: June 22, 2022

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By: *s/Corrie J. Klekowski*
CORRIE J. KLEKOWSKI
HEATHER C. DAVIS
Attorneys for Defendants The Board of Trustees of the California State University; Andrea Parashos; and Lee Mintz