CORRIE J. KLEKOWSKI (SBN 251338)
cklekowski@paulplevin.com
HEATHER C. DAVIS (SBN 307850)
hdavis@paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile:  619-615-0700

Attorneys for Defendants The Board of Trustees of the California State University; Andrea Parashos; and Lee Mintz

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Lema,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>The Board of Trustees of the California State University System, through its subdivision San Diego State University, Andrea Parashos (in her Individual Capacity), Lee Mintz (in her Individual Capacity), and Does 1-20 (in Their Individual Capacities),<br><br>　　　　　Defendants. | Case No. 21CV2131 JAH KSC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1) & (6)**<br><br>Hearing Date: June 29, 2022<br>Time:　　　　10:30 a.m.<br>District Judge: Hon. John A. Houston<br>Crtrm.:　　　　13B<br><br>Mag. Judge:　Hon. Karen S. Crawford<br>Crtrm:　　　　Suite 1010<br>Trial Date:　　Not Set<br><br>**EXEMPT FROM FEES<br>GOVT. CODE § 6103** |

## I. INTRODUCTION

Former student, John Lema, sued the University and two University employees, Dr. Lee Mintz and Andrea Parashos, solely for informing him of the University's investigation into reports of hazing at Mr. Lema's fraternity and later of the student misconduct charges against Mr. Lema. Specifically, he asserts one federal claim for due process violations under Section 1983, and four California common law claims for negligence, negligent infliction of emotional distress, negligent misrepresentation, and fraudulent misrepresentation. Defendants moved to dismiss each of these claims because they are barred as a matter of law.

First, Mr. Lema concedes that his Section 1983 claim against the University is barred by Eleventh Amendment immunity. And he only contends that the immunity does not extend to Dr. Mintz and Ms. Parashos if the alleged wrongful conduct was committed in their *individual capacity*. Because he sued them for conduct committed during their official investigation, which was carried out in their *official capacity*, the immunity applies, effectively barring his Section 1983 claim.

Second, Mr. Lema's Section 1983 claim is also barred by the statute of limitations because he failed to file his complaint within one year of the events underlying his claim (i.e., receiving communications from Defendants on July 8, 2020 and November 23, 2020). Mr. Lema's attempt to overcome this fatal flaw by claiming the limitations period began to run from an arbitrary date in Spring of 2021 does not hold water.

Third, Mr. Lema concedes that his four state law claims are barred by Government Code section 821.6, affording immunity to Defendants for their conduct instituting and prosecuting student misconduct proceedings against Mr. Lema.

Fourth, Mr. Lema's state law claims against Dr. Mintz and Ms. Parashos based on their discretionary acts are also barred by Government Code section 820.2. Indeed, courts have specifically held that decisions to discipline students and

investigate complaints are discretionary acts warranting protection under this code section.  See *Nicole M By and Through Jacqueline A1 v. Martinez Unified School Dist.*, 964 F.Supp. 1369, 1389 (N.D. Cal. 1997).

Fifth, Mr. Lema concedes that the University is immune from his misrepresentation claims under Government Code section 818.8.  And he is unable to demonstrate Dr. Mintz or Ms. Parashos acted maliciously when communicating with him about their investigation such that the related immunity set forth in Government Code section 822.2 would not apply to them.

Sixth, Mr. Lema's state law claims are also barred because he failed to timely present his tort claim pursuant to the Tort Claims Act.  Any general communications he may have had with the University about the investigation and charges against him are not sufficient to satisfy his obligations because he did not identify the claims he asserts in this action or the amount of his alleged losses, among other information.

And finally, the University cannot be held liable for any of Mr. Lema's state law claims under Government Code section 815.  And there is no basis to hold the University vicariously liable for Dr. Mintz or Ms. Parashos because they are immune from such claims on multiple other grounds.

For all of the foregoing reasons, Mr. Lema's complaint against Defendants should be dismissed in its entirety, without leave to amend.

## II.  LEMA'S SECTION 1983 CLAIM AGAINST MINTZ AND PARASHOS IS BARRED BY THE 11TH AMENDMENT BECAUSE HE SUED THEM FOR ACTIONS COMMITTED WITHIN THEIR OFFICIAL CAPACITIES

Mr. Lema tacitly concedes that his Section 1983 claim against the University is barred by Eleventh Amendment immunity.  Dkt. 8, Opposition, 5:24-6:9.  He only claims that the immunity does not extend to Dr. Mintz or Ms. Parashos as state officials if they were sued in their individual capacities.  Dkt. 8, Opposition, 5:27-6:2.  But he did not sue them in their individual capacities.  See e.g., Dkt. 1,

Complaint, 3:3-12, 8:16-21, 8:26-9:1, 15:5-9, 18:8-15. He sued them in their official capacities – Dr. Mintz as the Director for the Center of Student Rights and Responsibilities and Ms. Parashos as Student Conduct Investigator. *Id.* And Mr. Lema sued them for conduct he alleged they conducted while acting within their official capacities. *Id.* Since Eleventh Amendment immunity extends to officials acting within their official capacities, it applies to Dr. Mintz and Ms. Parashos here.

Moreover, Mr. Lema fails to address the *Baughman* case cited by Defendants which directly addresses this issue. In *Baughman*, individual campus police officers were alleged to have committed due process violations related to an investigation they conducted. *Baughman v. State of California*, 38 Cal.App.4th 182, 182 (1995). The court there determined that because the officers were acting in their official capacity, the due process claims were barred by the Eleventh Amendment. *Id.* at 182 and 188. The same circumstances exist here. Dr. Mintz and Ms. Parashos conducted an investigation into reports of hazing allegations purely within their official capacities, and as a result, are immune from Mr. Lema's Section 1983 claims under the Eleventh Amendment.

### III.   LEMA FAILED TO ASSERT HIS SECTION 1983 CLAIMS WITHIN ONE YEAR OF THE EVENTS UNDERLYING HIS CLAIMS

The parties agree that the applicable statute of limitations for Mr. Lema's Section 1983 claims is one year, but disagree on when the statute of limitations began to run. Dkt. 8, Opposition, 6:14-19. Mr. Lema contends that the limitations period did not begin to run until Defendants concluded their hazing investigation in the Spring of 2021. Dkt. 8, Opposition, 6:16-19. Defendants disagree.

Mr. Lema very specifically based his due process claims on two communications from Defendants: the July 8, 2020 letter notifying him of the hazing allegations and the November 23, 2020 email and settlement agreement explaining the charges against him. Dkt. 1, Complaint, 7:10-8:12, 9:10-14, 15:3-17:4. Mr. Lema contends that these two letters are the injury producing conduct for

which he sues Defendants. Thus, the statute of limitations for his due process claims must run from these two dates, not some arbitrary date of Mr. Lema's choosing. *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) [a §1983 "claim accrues for limitations purposes when the plaintiff knows or has reason to know of the injury which is the basis of the action."] Mr. Lema needed to assert his claims by November 23, 2021. Because he did not file this action until December 28, 2021, his Section 1983 claims are time-barred.

## IV. LEMA'S STATE LAW CLAIMS ARE BARRED BY CALIFORNIA GOVERNMENT CODE IMMUNITIES

### A. Lema Does Not Dispute that Section 821.6 Immunity Bars His State Law Claims

Mr. Lema only opposes the application of Government Code section 821.6 immunity to his federal Section 1983 due process claims. Dkt. 8, Opposition, 6:24-7:2. But Defendants did not assert that they were immune from Mr. Lema's due process claims as a result of Section 821.6 (although Defendants contend the due process claims fail for other reasons set forth above). Rather, Defendants contend that under Section 821.6, they are immune from Mr. Lema's four state law claims.

Mr. Lema does not dispute that Section 821.6 immunity bars his state law claims. Dkt. 8, Opposition, 6:24-7:2. As a result, these claims should be dismissed.

### B. CSU Cannot Be Held Liable for Lema's Common Law Claims

Mr. Lema contends that the University can be held liable for his common law claims but only to the extent that Dr. Mintz and Ms. Parashos are found liable for the same claims. Dkt. 8, Opposition, 7:17-19. However, as set forth in herein and in Defendants' moving papers, Dr. Mintz and Ms. Parashos are immune from Mr. Lema's negligence and misrepresentation claims under Government Code sections 821.6, 820.2, 822.2, and the Tort Claims Act. Dkt. 6, Attachment 1, 6:12-7:5, 7:18-9:8. As a result, Government Code section 815(a) provides that the University cannot be liable for such claims.

### C. Mintz and Parashos' Decision to Initiate and Conduct an Investigation Against Lema is a Discretionary Act Protected by Section 820.2

Mr. Lema contends that Government Code section 820.2's immunity afforded to public employees for their discretionary acts should not be applied to Dr. Mintz or Ms. Parashos because their actions were not discretionary.  Dkt. 8, Opposition, 8:1-2.  He claims that they acted willfully and wantonly by *investigating* him without first obtaining evidence that he had been involved in hazing.  Dkt. 8, Opposition, 8:1-7.  However, Mr. Lema's assertion has no bearing on whether they acted with or without discretion for purposes of Section 820.2.

A discretionary act is one which requires the exercise of judgment or choice, such as Dr. Mintz and Ms. Parashos' decision to initiate and conduct the hazing investigation into Mr. Lema and his fraternity members.  *See Nicole M By and Through Jacqueline A1 v. Martinez Unified School Dist.*, 964 F.Supp. 1369, 1389 (N.D. Cal. 1997).  The court in *Nichole M By and Through Jacqueline Al* specifically determined that such decisions by school administrators to discipline students and investigate complaints are discretionary acts entitled to Section 820.2 immunity.  *Id.* at 1389-1390.  But Mr. Lema wholly fails to address this directly on point case authority.  Nor does he offer any other convincing argument as to why Section 820.2 should not apply here.

### D. Mintz and Parashos are Immune from Lema's Misrepresentation Claims Under Section 822.2 Because They Did Not Act Maliciously When Making the Alleged Misrepresentations

Mr. Lema does not dispute that Government Code section 818.8 immunity bars his misrepresentation claims against the University.  Dkt. 8, Opposition, 8:10-23.  He only contends that the related immunity set forth in Government Code section 822.2 (for public employees) should not be afforded to Dr. Mintz and Ms. Parashos because the code section does not protect against malicious conduct.  Dkt. 8, Opposition, 8:10-14, 8:16-18.

Mr. Lema argues that Dr. Mintz and Ms. Parashos acted maliciously by including him in their hazing investigation simply because he was a member of the fraternity accused of hazing. Dkt. 8, Opposition, 8:13-16. This is not enough to constitute malicious conduct as a matter of law. Section 822.2 explicitly immunizes even negligent misrepresentations, unless made with "actual malice." Cal. Gov't Code § 822.2. Section 822.2 immunity applies unless Mr. Lema can show that Dr. Mintz and Ms. Parashos were motivated by "conscious intent to deceive, vex, annoy or harm" Mr. Lema. *Curcini v. Cnty. of Alameda*, 164 Cal.App.4th 629, 649 (2008). Mr. Lema makes no allegation or argument that Dr. Mintz or Ms. Parashos harbored any such intent when they made the statements actually at issue in his misrepresentation claims – the July 8, 2020 letter notifying Mr. Lema of the hazing allegations and the November 23, 2020 email and settlement agreement explaining the charges against him. Dkt. 8, Opposition, 8:10-23. Thus, Mr. Lema has failed to set forth a valid reason why this Court should not dismiss his misrepresentation claims against Dr. Mintz and Ms. Parashos.

## V.  LEMA DID NOT SATISFY HIS OBLIGATIONS UNDER THE CALIFORNIA TORT CLAIMS ACT

Mr. Lema's opposition does not set forth any specific facts demonstrating that he put the University on notice of the tort claims actually asserted in this action. Dkt. 8, Opposition, 8:26-9:3. He claims that he was in written and verbal contact with the University generally about the hazing allegations and charges against him, but he does not allege that he was in contact with the University about possible tort claims he intended to bring against it. Dkt. 8, Opposition, 8:26-28. Mr. Lema could have provided the University with a completed tort claims form or letter identifying his potential claims, the circumstances giving rise to his claims, a description of his alleged losses, the names of any University employees who caused the loss, and the amount claimed, but he did not provide the University with any of this information. See Cal. Gov't Code §§ 945.4, 950.2; *Phillips v. Desert Hosp. Dist.*, 49 Cal.3d 699,

705 (1989). Since he did not do so, his tort claims are barred under the Tort Claims Act.

## VI. CONCLUSION

For the reasons set forth herein and in Defendants' moving papers, Defendants respectfully request that their Motion to Dismiss be granted in its entirety.

Dated:  June 22, 2022

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By: _____*s/Corrie J. Klekowski*_____
CORRIE J. KLEKOWSKI
HEATHER C. DAVIS
Attorneys for Defendants The Board of Trustees of the California State University; Andrea Parashos; and Lee Mintz