UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LEMA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY SYSTEM, through its subdivision San Diego State University, ANDREA PARASHOS (in her individual capacity), LEE MINTZ (in her individual capacity), and DOES 1-20 (in their individual Capacities),<br><br>　　　　　　　　　Defendants. | Case No.: 3:21-cv-02131-JAH-KSC<br><br>**(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS;**<br><br>**(2) DENYING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE;**<br><br>**(3) DENYING DEFENDANTS' SPECIAL MOTION TO STRIKE.**<br><br>**[ECF Nos. 6-1, 6-2, 7]** |

　　　Pending before the Court is Defendants The Board of Trustees of the California State University System, Andrea Parashos, and Lee Mintz's (collectively, "Defendants") Motion to Dismiss the Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ("MTD", ECF No. 6). Plaintiff John Lema ("Lema" or "Plaintiff") filed a Response in Opposition to the Motion, ("Opp'n to MTD", ECF No. 8), and Defendants filed a Reply in Support of the Motion. ("Reply to MTD", ECF No. 9).

Additionally before the Court is Defendants' Request for Judicial Notice, ("RJN", ECF No. 6-2), and Defendants' Special Motion to Strike. ("MTS", ECF No. 7). The motions are decided on the briefs without oral argument pursuant to Civil Local Rule 7.1.d.1. Having considered the pleadings and the applicable law, and for the reasons set forth below, Defendants' Motion to Dismiss the Complaint is **GRANTED in part and DENIED in part**, Defendants' Request for Judicial Notice is **DENIED**, and Defendants' Special Motion to Strike is **DENIED**.

## I.

## BACKGROUND[1]

Plaintiff John Lema brings this action against The Board of Trustees of the California State University System ("Board of Trustees"); Andrea Parashos ("Parashos"), San Diego State University's Title IX Investigator, and; Lee Mintz ("Mintz"), Director for the Center of Student Rights and Responsibilities and Deputy Title IX Coordinator for San Diego State University, alleging Due Process violations under the Fifth[2] and Fourteenth[3] Amendments pursuant to 42. U.S.C. § 1983[4] (as to all Defendants), and California state

---

[1]   The following is a recitation of pleaded facts and is not to be construed as factual findings by the Court.

[2]   The Fifth Amendment states that the federal government may not deprive a person of "life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V; *Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States[.]").

[3]   The Fourteenth Amendment states in pertinent part, "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. State action is required to trigger the protections afforded citizens by the Fourteenth Amendment. *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n.*, 531 U.S. 288, 295 (2001).

[4]   Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

claims for negligence (as to Defendants Mintz and Parshos), negligent infliction of emotional distress (as to Defendants Mintz and Parshos), negligent misrepresentation (as to Defendants Mintz and Parshos), and fraudulent misrepresentation (as to Defendant Parashos).[5] (*See generally* "Compl", ECF No. 1). Plaintiff asserts he suffered humiliation, mental anguish, and emotional distress when Defendants investigated him in connection with hazing allegations on San Diego State University's ("SDSU") campus, resulting in a delay to Lema's graduation date. (*Id.*)

While at SDSU, Plaintiff was a member of the Phi Gamma Delta Fraternity. (*Id.* at ¶ 18). However, Plaintiff contends his attendance and participation at fraternity sponsored activities was infrequent. (*Id.*) Lema planned to graduate from SDSU in August 2020. (*Id.* at ¶ 19). In July 2020, Plaintiff was notified by Defendants that the University had opened a student misconduct investigation against him to investigate reports of hazing by members of the Phi Gamma Delta fraternity. (*Id.* at ¶¶ 21-22). Allegations against Lema included:

> provid[ing] alcohol to minors, physically assault[ing] members of the campus community, interfere[ing] with the orderly progress of a student disciplinary proceeding, attempt[ing] to influence impartiality of any participant in a student discipline matter, and encourag[ing], permit[ting], or assist[ing] another to do any act that could subject them to discipline.

///
///
///

---

[5]   The Court notes that although the motion to dismiss raises immunity privileges for Defendant Board of Trustees as to the state law causes of action, the Complaint does not contain any specific factual allegations implicating the Board of Trustees as to the aforementioned claims. Plaintiff's response in opposition to Defendants' motion to dismiss does not contest that the state law claims are also asserted against the Board of Trustees.

(*Id.* at ¶ 22 (formatting omitted)).  Defendants also alleged Plaintiff violated subsections of Title V, Section 41301 of the California Code of Regulations.[6]  (*Id.* at ¶ 23).

On July 10, 2020, Defendants notified Plaintiff that he would not graduate in August 2020 as planned.  (*Id.* at ¶ 26).  Around this time, Lema retained counsel to assist him with the pending disciplinary proceedings.  (*Id.* at ¶ 27).  On August 20, 2020, Parashos called Plaintiff to further discuss the disciplinary investigation that was being conducted.  (*Id.* at ¶ 28).  During this phone call, Parashos informed Lema that the investigation was predicated on his association with the Phi Gamma Delta Fraternity.  (*Id.*)

On November 23, 2020, Plaintiff received an email asking him to sign a settlement agreement ("Agreement") acknowledging responsibility for the alleged disciplinary charges.  (*Id.* at ¶ 29).

---

[6] According to the Complaint, the relevant regulations Defendants assert Plaintiff violated are:

> b.7.A – Conduct that threatens or endangers the health or safety of any person within or related to the University community, including physical abuse, threats, intimidation, or harassment;
>
> b.8 – Hazing, or conspiracy to haze;
>
> b.10 – Use, possession, manufacture, or distribution of alcoholic beverages . . . or public intoxication while on campus or at a university-related activity;
>
> b.16 – Violation of any published University policy, rule, regulation, or presidential order;
>
> b.19.B – Violations of the Student Conduct Procedures, including Disruption or interference with the orderly progress of a student discipline proceeding;
>
> b.20 – Encouraging, permitting, or assisting another to do any act that could subject him or her to discipline.

The Agreement solicited admissions from Lema for:

> (A) compel[ing] physically demanding activities; . . . (B) compel[ing] forced alcohol consumption; (C) compel[ing] individuals to drink foreign or unusual substances; (D) compel[ing] acts of servitude; (E) blindfolding; (F) paddling; (G) bullying; (H) intimidation; (I) physical and emotional degradation and humiliation of other students; (J) compel[ing] pledges to contribute money to pay for alcohol that would be consumed during events.

(*Id.* at ¶ 30 (formatting omitted)). Additionally, the Agreement concluded Plaintiff violated the aforementioned subsections from the California Code of Regulations. (*Id.* at ¶ 31).[7] The Agreement sought to compel Lema into accepting punishment, in the form of counseling and suspension, for his purported involvement in the fraternity hazing. (*Id.* at ¶ 33).

On December 19, 2020, Defendant Parashos sent Lema a prepared report containing specific accounts of Phi Gamma Delta hazing. (*Id.* at ¶ 36). Plaintiff's name is not explicitly mentioned in this report. (*Id.* at ¶ 37). After pressure from Lema's retained counsel, the disciplinary proceedings against Plaintiff were concluded.[8] Lema graduated from SDSU in May of 2021. (*Id.* at ¶ 37). Plaintiff filed the instant Complaint on December 28, 2021.

///
///
///
///
///
///

---

[7]   The Complaint does not state Lema signed the Agreement.
[8]   The Complaint does not indicate the date Defendants dropped the disciplinary charges nor how the finalization of the investigation was communicated to Plaintiff.

## II.

## DISCUSSION

**A.    Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)[9]**

    **1.    Legal Standard**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek to dismiss a complaint for lack of jurisdiction over the subject matter. The federal court is one of limited jurisdiction. *See Gould v. Mut. Life Ins. Co. v. New York*, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 95 (1998). When considering a Rule 12(b)(1) motion to dismiss, the district court may hear evidence regarding jurisdiction, resolve factual disputes where necessary, and rule on that issue prior to trial. *See Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In such circumstances, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (quoting *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). Plaintiff, as the party seeking to invoke jurisdiction, has the burden of establishing that jurisdiction exists. *See Kokkonen v.*

---

[9]    A defendant may pursue a Rule 12(b)(1) motion to dismiss for lack of jurisdiction either as a facial challenge to the allegations of a pleading, or as a substantive challenge to the facts underlying the allegations. *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). A facial challenge to the jurisdictional allegations is one which contends that the allegations "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The success of a facial challenge to jurisdiction depends on the allegations in the complaint, and does not involve the resolution of a factual dispute. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In a facial challenge the court must assume the allegations in the complaint are true and it must "draw all reasonable inferences in [plaintiff's] favor." *Id.* "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. Defendants do not dispute the allegations contained in the complaint, and therefore bring a facial attack under Rule 12(b)(1).

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Defendants move to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1) based upon the doctrine of sovereign immunity.

**2.  Analysis**

Defendants move to dismiss Plaintiff's sole federal claim against the Board of Trustees on the ground that the Eleventh Amendment bars private citizens from seeking legal or equitable relief from a state, its agencies, and arms of the state and its departments. (MTD at 9-10). Defendants further argue that Defendant Parashos and Defendant Mintz are also subject to immunity from suit, as the Eleventh Amendment extends to state officials acting in their official capacities. (MTD at 10). Each argument will be discussed in turn.

a.  *Defendant Board of Trustees*

Plaintiff does not rebut the applicability of sovereign immunity as to the Board of Trustees, and therefore concedes this argument. *See Qureshi v. Countrywide Home Loans, Inc.*, 2010 WL 841669, *6 n. 2 (N.D. Cal. Mar. 10, 2010) (holding that plaintiff's failure to address in opposition brief claims challenged in a motion to dismiss amounts to an "abandonment of those claims") (citing *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005)). However, even on the merits, the Court finds that sovereign immunity applies to the Board of Trustees.

"The Eleventh Amendment generally prohibits federal courts from hearing suits brought by private citizens against state governments, unless the state has consented to be sued." *Sofamor Danek Grp., Inc. v. Brown*, 124 F.3d 1179, 1183 (9th Cir. 1997). The Eleventh Amendment covers states, as well as state agents and state instrumentalities. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). When determining whether a state instrumentality may invoke the State's immunity, the Court will "[focus] on the 'nature of the entity created by state law' to determine whether it should 'be treated as an arm of the State.'" *Id.* at 429-30 (quoting *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977)).

The Ninth Circuit has found that California State University Trustees "are an arm of the state that can properly lay claim to sovereign immunity." *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1133 (9th Cir. 2006) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1350-51 (9th Cir. 1982)); *Armstrong v. Meyers*, 964 F.2d 948, 949-50 (9th Cir. 1992); *Adams v. Linville*, 243 F.3d 546, 546 (9th Cir. 2000); *Barto v. Miyashori*, No. 21-56223, 2022 WL 17729410 (9th Cir. 2022).

Because the Board of Trustees of the California State University System are "arms of the state," for purposes of the Eleventh Amendment, and there is no indication that the Board of Trustees has consented to suit, Plaintiff is barred from bringing suit against the Board of Trustees. Accordingly, the Board of Trustees is entitled to dismissal with prejudice pursuant to the Eleventh Amendment.

    b.  *Defendants Mintz and Parshos*

Relying on *Baughman v. State of California*, 38 Cal. App. 4th 182 (1995), Defendants Mintz and Parashos briefly assert Eleventh Amendment immunity, arguing their actions occurred while acting in their official capacities. (MTD at 10). Plaintiff rebuts that Defendants Mintz and Parashos are subject to suit because Plaintiff is suing both Mintz and Parashos in their individual capacities, and the Eleventh Amendment does not protect an individual against suit. (Opp'n to MTD at 5-6).

The Eleventh Amendment bars suit against a state official in his or her official capacity but does not bar suit in his or her individual capacity. *Pena v. Gardener*, 976 F.2d 469, 472 (9th Cir. 1992). "The deciding factor for ascertaining whether a suit is an official capacity suit or an individual capacity suit is not how the suit is labeled by the plaintiff, but rather the nature of the suit." *Mktg. Info. Masters, Inc. v. Bd. of Trustees of California State Univ. Sys.*, 552 F. Supp. 2d 1088, 1095 (S.D. Cal. 2008) (quoting *Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682 (1948)).

The Complaint here names Mintz and Parashos in their individual capacities, and includes allegations that the individual Defendants personally engaged in the infringing behavior. Further, Defendants' reliance on *Baughman* is misplaced, as plaintiff there sued

defendants in their official capacity. *Baughman*, 38 Cal. App. 4th at 188. Accordingly, Mintz and Parashos are not entitled to Eleventh Amendment immunity from this suit seeking relief against them in their individual capacities.

**B.     Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant when the plaintiff fails to state a claim upon which relief may be granted. *Intake Water Co. v. Yellowstone River Compact Comm'n*, 769 F.2d 568, 569 (9th Cir. 1985). Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). When evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving paper." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, for a complaint to survive a motion to dismiss, the non-conclusory facts and reasonable inferences from those facts must plausibly suggest the plaintiff is entitled to relief. *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Defendants move to dismiss under Rule 12(b)(6) arguing (1) Plaintiff's § 1983 claim is time-barred; and (2) the state law claims are barred by California Government Code immunities.

**1.     Statute of Limitations**

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th

Cir. 2006)). "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling . . . ." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (quoting *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir.1999)). The statute of limitation commences when the plaintiff knows or has reason to know of the injury which is the basis of the action. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

The parties agree that the applicable statute of limitations for Plaintiff's § 1983 claim is one year. (MTD at 10-11; Opp'n to MTD at 6). However, they dispute when the clock on the statute of limitations commenced. Despite the parties' consensus regarding the statute of limitations, "[e]ffective January 1, 2003, the new California statute of limitations for assault, battery, and other personal injury claims is two years instead of one." Cal. Civ. Proc. Code § 335.1; *Jones*, 393 F.3d at 927. The Complaint was filed on December 28, 2021, thirteen-months, and five days after the earliest cited incident. *See generally* Compl. This is within the two-year statute of limitations. Therefore, regardless of which theory as to when the action commenced applies, Defendants' motion to dismiss the § 1983 claim as time-barred is denied.

### 2.     Immunity under California Government Code § 821.6

Defendants move to dismiss all pendant state claims for negligence, negligent infliction of emotional distress, negligent misrepresentation, and fraudulent misrepresentation pursuant to California Government Code § 821.6. (MTD at 11-12). In rebuttal, Plaintiff attempts to bootstrap the same exception that applies to individual capacity suits under the Eleventh Amendment, arguing that that any immunity afforded by § 821.6 does not extend to Defendants Mintz and Parashos because they were sued in their individual capacities, and because they conducted an investigation with the intent to cause

///
///
///
///

harm. (Opp'n to MTD at 6-7). [10]

Section 821.6 states that "a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov't Code § 821.6. The California Supreme Court, looking to legislative intent, found that § 821.6 immunity is limited in application to claims of malicious prosecution. *Sullivan v. City of Los Angeles*, 12 Cal. 3d 710, 719 (1974) ("the history of section 821.6 demonstrates that the Legislature intended the section to protect public employees from liability only for malicious prosecution."). Despite this, California appellate courts and Courts within this district have since construed § 821.6 more broadly to include other tortious claims. *See e.g., Struk v. Bush*, No. 10-CV-0348-MMA-POR, 2011 WL 5827196, at *11 (S.D. Cal. Nov. 18, 2011) (dismissing claim of negligence upon finding immunity under § 821.6 applied); *Est. of Victorianne v. Cnty. of San Diego*, No. 14CV2170 WQH (BLM), 2016 WL 411292, at *13 (S.D. Cal. Feb. 3, 2016) (dismissing claim of negligent investigation upon finding immunity under § 826.1 applies); *Kayfetz v. State of California*, 156 Cal. App. 3d 491 (1984) (dismissing claim of defamation upon finding immunity under § 826.1 applies). However, the Ninth Circuit has refused to adopt the broad definition of § 821.6 that has been adopted by various California appellate courts, holding that federal courts were "bound by the decision of the highest state court[,]" not the immediate courts. *Sharp v. Cnty. of Orange*, 871 F.3d 901, 921 (9th Cir. 2017).

---

[10]   The Court notes that Plaintiff cites to *Garcia v. City of Merced*, stating that "Under Section 1983, a 'person' acting under color of law may be sued for violations of the U.S. Constitution or federal laws . . . . [and] encompasses state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local government entities." 637 F. Supp. 2d 731, 760 (E.D. Cal. 2008). Interestingly, Plaintiff does not touch on the relevant argument in *Garcia* discussing immunity under § 821.6. *Id.* at 749 ("Section 821.6 immunity is generally perceived as prosecutorial immunity and immunity from malicious prosecution." (citations omitted)).

The California Supreme Court has extended § 821.6 to public school officials for claims of malicious prosecution. *Hardy v. Vial*, 48 Cal. 2d 577 (1957). However, Defendants do not provide any support as to why this Court should ignore Ninth Circuit and California Supreme Court case law and adopt the more broad interpretation of § 821.6. Consequently, Defendants cannot overcome prevailing case authority that limits immunity to claims for malicious prosecution. Accordingly, the Court denies Defendants Mintz and Parashos' motion to dismiss the state law claims for (1) negligence, (2) negligent infliction of emotional distress, (3) negligent misrepresentation, and (4) fraudulent misrepresentation.

### 3. Immunity under California Government Code § 815

Defendants further move to dismiss the pendant state law claims for negligence, negligent infliction of emotional distress, negligent misrepresentation, and fraudulent misrepresentation against Defendant Board of Trustees, pursuant to California Government Code § 815 immunity. (MTD at 12). Defendants assert that it is a "matter of well-established law [that] a public entity, such as the University, cannot be liable for common law claims." (*Id.* (citations omitted)).[11]

For the reasons previously stated, (*see supra* n.5), the Court will not discuss whether California Government Code § 815 is applicable to Defendant Board of Trustees as to the state law claims. To the extent that Plaintiff's Complaint may allege tortious conduct on behalf of Board of Trustees, those allegations are unsustainable, as the Eleventh Amendment bars litigation of state law claims against a state agency in federal court. *See Pennhurst State Sch. & Hospital v. Halderman*, 465 U.S. 89, 120 ("This constitutional bar applies to pendent [state law] claims as well."); *see also Cholla Ready Mix, Inc. v. Civish*,

---

[11] As previously discussed, (*see supra* n.5), a thorough review of the Complaint fails to make clear whether Plaintiff specifically alleges the various state law claims against the Board of Trustees. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (stating a complaint requires sufficient allegations to put defendants fairly on notice of the claims against them).

382 F.3d 969, 973-74 (9th Cir. 2004), *cert. denied*, 544 U.S. 974 (2005) (Eleventh Amendment barred state law claims).

### 4. Immunity For Discretionary Acts Pursuant to California Government Code § 820.2

Defendants Mintz and Parashos assert they are immune from liability from the state law claims because the acts or omissions on which the claims are based—that is, the decision to investigate Lema pursuant to Executive Order 1098—is a discretionary act subject to immunity pursuant to California Government Code § 820.2. (MTD at 12). Plaintiff asserts that Defendants acts were not discretionary, but rather willful and wanton, because "Defendants were aware that there was no evidence of Plaintiff's involvement, yet they continued to deprive Plaintiff of his education and submit him to the emotional trauma of the ongoing investigation[.]" (Opp'n to MTD at 8).

Section 820.2 provides:

> Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused.

Whether a public employee is entitled to immunity for discretionary acts hinges on whether the acts or omissions in dispute constitute "basic policy decisions" or "ministerial" decisions. *Caldwell v. Montoya*, 10 Cal. 4th 972, 981 (1995). Immunity for discretionary acts extends to basic governmental policy decisions entrusted to broad official judgment, and a distinction is drawn between "'planning' and 'operational' functions of government." (*Id.* at 981 (citing *Johnson v. State of California*, 69 Cal. 2d 782, 783 (1968)). On the one hand, immunity applies where "the responsibility for basic policy decisions has been committed to coordinate branches of government", (*Johnson,* 69 Cal. 2d at 783), and on the other hand, immunity is inapplicable to "lower-level, or ministerial, decisions that merely implement a basic policy already formulated." *Caldwell*, 10.Cal.4th at 981 (internal citations and quotation marks omitted). There is also no basis for immunizing decisions that are not actually "deliberate and considered." *Caldwell*, 10 Cal. 4th at 981. But "to be

entitled to immunity the state must make a showing that such a policy decision, consciously balancing risks and advantages, took place." *Johnson*, 69 Cal. 2d at 794 n.8. Defendants here bear the burden of demonstrating that statutory immunity applies. *Burns v. Reed*, 500 U.S. 478, 486 (1991).

The Court acknowledges that a breadth of case law supports the general proposition that "[d]ecisions by a school's supervisory personnel regarding disciplinary matters are . . . considered discretionary and within the scope of section 820.2." *Walsh v. Tehachapi Unified Sch. Dist.*, 827 F.Supp.2d 1107, 1122 (E.D. Cal. 2011) (internal quotation marks omitted); *Clifford v. Regents of Univ. of Calif.*, No. 2:11–CV–02935–JAM–GGH, 2012 WL 1565702 (E.D. Cal. Apr. 20, 2012); *Thompson v. Sacramento City Unified Sch. Dist.*, 107 Cal. App. 4th 1352, 1361 (2003); *Nicole M. v. Martinez Unified Sch. Dist.*, 964 F. Supp. 1369, 1389-90 (N.D. Cal. 1997). Although Plaintiff does not allege any misconduct on the part of Mintz or Parashos unrelated to the investigation of the hazing allegations, Defendants have not made a showing that (1) the policy discretion was vested in each of the individual Defendants; and (2) each of the challenged actions resulted from exercise of that policy discretion. *See* Cal. Gov't. Code § 820.2. Defendants assert EO 1098 forms the basis of their policy decisions in a conclusory fashion, but do not cite to specific portions of the Executive Order, and rely upon generalized arguments to support their claim of discretionary immunity. (*See* MTD at 12; Mintz Decl. ¶¶ 3-4). This approach requires the Court to make inferences and assume facts in Defendants favor, which is inappropriate at this phase of the proceedings. Moreover, although Plaintiff alleges Mintz and Parashos acted "willfully and wantonly", (Opp'n to MTD at 8), he also asserts their investigation was conducted negligently, (Compl. at ¶¶ 50-55). The Ninth Circuit has determined that negligence in carrying out an investigation is not protected by § 820.2 immunity. *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1379 (9th Cir. 1998). Accordingly, the Court finds that Mintz and Parshos have not made a showing that California Government Code § 820.2 immunizes Mintz and Parashos from all state law claims.

///

### 5.   Immunity For Misrepresentation Pursuant to California Government Code §§ 822.2 and 818.8

Next, Defendants argue immunity from the intentional misrepresentation and negligent misrepresentations claims pursuant to California Government Code §§ 822.2 and 818.8.[12] (MTD at 13). Plaintiff argues that "Defendants acted with deliberate malice when they conducted an all-encompassing investigation into the alleged hazing incident. . . . directly causing harm to Plaintiff through his education." (Opp'n to MTD at 8).

Section 822.2 provides,

> A public employee acting in the scope of his employment is not liable for an injury caused by his misrepresentation, whether or not such misrepresentation be negligent or intentional, unless he is guilty of actual fraud, corruption or actual malice.

Cal. Gov't Code § 822.2. Immunity under § 822.2 is limited to causes of action that "are forms of the common law tort of deceit . . . and involve interferences with financial or commercial interests." *Doe 1 v. Manhattan Beach Unified Sch. Dist.*, 2020 WL 2556356 (C.D. Cal. May 19, 2020) (citing *Finch Aerospace Corp. v. City of San Diego*, 8 Cal. App. 5th 1248, 1252 (2017) (citations omitted)). "California law generally recognizes four forms of deceit: intentional misrepresentation, negligent misrepresentation, concealment, and failure to perform a promise." *Id.* For Plaintiff's intentional misrepresentation and negligent misrepresentation claims to survive, the Complaint must allege actual malice— that is, "a conscious intent to deceive, vex, annoy or harm the injured party in his business." *Curcini v. County of Alameda*. 164 Cal. App. 4th 629, 649 (2008) (explaining that a claimant must plead specific facts showing that the misrepresentation was motivated by actual malice).

---

[12]   Section 818.8 provides absolute immunity to a public entity for a misrepresentation by its employee, whether the misrepresentation be intentional or negligent.

As to Defendant Mintz, the Complaint alleges Mintz sent an email to Plaintiff asserting he "engaged and conspired to engage in hazing activities." (Compl. at ¶ 63). Plaintiff's allegations rests on the premise that Mintz's email "clearly indicated to [Plaintiff] that there existed evidence that he has participated in hazing . . . [and] there was no reasonable basis for Mintz to represent . . . that such evidence existed." (*Id.* at ¶ 63.A.-B.). Although Plaintiff makes an inferential leap, construing the motion in the light most favorable to Plaintiff and accepting the allegations are true, Plaintiff makes a sufficient showing of an intent to deceive, demonstrating the requisite malice to overcome immunity pursuant to § 822.2.

As to Defendant Parashos, the Complaint alleges Parashos sent a Settlement Agreement which included a list of Plaintiff's hazing related violations. (*Id.* at ¶¶ 64-68). Plaintiff alleges that "Defendant Parashos was aware that there existed no evidence that could corroborate [Plaintiff's] involvement in the hazing activities mentioned . . . . [and] the express purpose of the Settlement Agreement was to convey . . . that [Plaintiff] had been found responsible for the hazing activities mentioned[.]" (*Id.* at ¶ 67.B.-C). The Complaint further alleges that Plaintiff relied on the contents of the settlement agreement. (*Id.* ¶ 67.D). As previously stated, despite Plaintiff's inferential leap, at this stage of the proceedings, Plaintiff makes a sufficient showing of an intent to deceive, demonstrating the requisite malice to overcome immunity pursuant to § 822.2.

### 6. Immunity Under the California Tort Claims Act

"The California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part." *Mangold v. Cal. Pub. Utilities Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995) (citations omitted); Cal. Gov't Code §§ 905.2 (setting forth the presentation requirement for any claims for money and damages); 945.4 (prohibition of suit without claim presentation). "Where compliance with the Tort Claims Act is required, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to general demurrer." *Id.* Plaintiff has the burden of pleading compliance with the

California Tort Claims Act in the complaint. *Wood v. Riverside General Hospital*, 25 Cal. App. 4th 1113, 1119 (1994). Finally, a complaint may be properly dismissed against an employee of an agency acting within their express or implied authority, despite the wrongful nature of their act, if a complaint does not allege compliance with the presentation requirement. *See Neal v. Gatlin*, 35 Cal. App. 3d 871, 877-78 (1973).

Although Plaintiff's opposition asserts "constant written and verbal communications . . . including a direct SDSU form on claims", (Opp'n to MTD at 8), that is insufficient to overcome the procedural hurdle required, as Plaintiff's complaint fails to allege compliance with the California Tort Claims Act procedures. Accordingly, the tort claims for negligence, negligent infliction of emotional distress, negligent misrepresentation, and fraudulent misrepresentation are dismissed without prejudice, to allow Plaintiff to properly plead compliance with the California Tort Claims Act. *See Hernandez v. McClanahan*, 996 F. Supp. 975, 979 (N.D. Cal. 1998) (holding that compliance with the procedural requirements of the CTCA are "mandatory" and are "substantive elements" of a cause of action) (citing *United States v. California*, 655 F.2d 914, 918 (9th Cir. 1980)).

**B.     Defendants' Request for Judicial Notice**

Defendants requests the Court take judicial notice of CSU's Executive Order 1098 ("EO 1098"). (RJN at 1). EO 1098 "regulates CSU's response to alleged student conduct violations and has the full force and effect of the law[,]" and codifies state laws that require the adoption of procedures governing student behavior and disciplinary actions. (RJN at 2). Under Federal Rule of Evidence 201(b), a district court may take notice of facts not subject to reasonable dispute that are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201(b); *see also Lee v. City of Los Angeles,* 250 F.3d 668 (9th Cir. 2001). Plaintiff does not address nor contest Defendants' request for judicial notice, however, the Court does not rely upon EO 1098 for the purposes of the instant motion. Accordingly, the request for judicial notice is denied.

## C. Defendants' Special Motion to Strike Pursuant to California Code of Civil Procedure § 425.16

Concurrent with a motion to dismiss, Defendants filed a special motion to strike Plaintiff's state law claims, pursuant to California Code of Civil Procedure § 425.16, California's anti-SLAPP ("Strategic Lawsuit Against Public Participation") statute. (*See* MTS; *see also New Net, Inc. v. Lavasoft,* 356 F. Supp. 2d 1090, 1099–100 (C.D. Cal. 2004) ("Defendant properly directs its anti-SLAPP motion only to the pendant state law claims set out in the Complaint.")).

"SLAPP lawsuits are civil lawsuits . . . aimed at preventing citizens from exercising their political rights or punishing those who have done so." *Church of Scientology v. Wollersheim,* 42 Cal. App. 4th 628, 645 (1996). The anti-SLAPP statute's purpose is "to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003). In furtherance of that purpose, California law provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1). "A motion to strike brought under § 425.16 may be based on a defect in a complaint, including legal deficiencies addressable on a motion to dismiss under FRCP 12(b)(6), or a failure to support a stated claim with evidence, analogous to a FRCP 56 summary judgment motion." *Robinson v. Alameda Cnty.*, 875 F. Supp. 2d 1029, 1047 (N.D. Cal. 2012) (quoting *Condit v. National Enquirer, Inc.*, 248 F. Supp. 2d 945, 952 (E.D. Cal. 2002)). A party may still be considered a prevailing party for purposes of the anti-SLAPP motion, even if unsuccessful in striking every claim. *Mann v. Quality Old Time Service, Inc.*, 139 Cal. App. 4th 328, 329 (2006).

The analysis of an anti-SLAPP motion is a two-step burden-shifting process. *Navellier v. Sletten*, 29 Cal. 4th 82, 88-89 (2002). First, the defendant has the initial burden of making a *prima facie* showing that the plaintiff's claims arise from an act in furtherance of the defendant's rights of petition or free speech in connection with a public issue.

*Browne v. McCain*, 611 F. Supp. 2d 1062, 1067 (C.D. Cal. 2009).  Next, if the defendant meets his initial burden, the plaintiff is then charged with the burden of establishing, by competent and admissible evidence, a probability of prevailing on his or her claims at trial. *Robinson*, 875 F. Supp. 2d at 1048.

However, relevant here, the Ninth Circuit has cautioned that "[p]rocedural state laws are not used in federal court if to do so would result in a direct collision with a Federal Rule of Civil Procedure." *Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (quoting *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 845–46 (9th Cir. 2001)). Specifically, the Ninth Circuit has held that "granting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment." *Id.*

Plaintiff has an opportunity to re-allege the state law claims against the named Defendants.  *See supra* II.B.6.  Accordingly, the Court denies Defendants' anti-SLAPP motion without prejudice.[13]  Furthermore, as previously discussed, (*supra* n.5), because Plaintiff's Complaint does not contain any allegations against Defendant Board of Trustees, the Court does not make a determination as to whether the Board of Trustees can recover attorneys' fees for the pendant state law claims pursuant to the California anti-SLAPP statute.

///
///
///
///
///
///
///

---

[13]  Defendants may file a renewed motion to strike pursuant to § 425.16 if Plaintiff re-alleges the California claims.

## III.
## CONCLUSION

For the foregoing reasons, the Court:

1. **Grants in part and denies in part** the motion to dismiss, as detailed above;
2. **Denies** the request for judicial notice; and,
3. **Denies** the Special Motion to Strike Pursuant to California Code of Civil Procedure § 425.16.
4. Plaintiff may file an amended complaint with respect to the matters on which the Court has granted leave to amend. The amended pleading must be filed no later than **June 9, 2023**.

**IT IS SO ORDERED.**

DATED: May 17, 2023

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE