KEITH ALTMAN (SBN 257309)

THE LAW OFFICE OF KEITH ALTMAN

33228 West 12 Mile Road, Suite 375

Farmington Hills, Michigan 48334

Telephone: (248) 987-8929

keithaltman@kaltmanlaw.com

*Attorney For Plaintiff John Lema*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Lema, | Case No.: 21CV2131 JAH KSC |
| *Plaintiff,* | Hon. John A. Houston |
| v. | Mag. Judge Hon. Karen S. Crawford |
| The Board of Trustees of the California State University System, through its subdivision San Diego State University, Andrea Parashos (in her Individual Capacity), and Does 1-20 (in their Individual Capacities), | |
| *Defendants.* | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE AMENDED COMPLAINT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................iv

FACTUAL BACKGROUND.................................................................................1

STANDARD OF REVIEW ...................................................................................3

ARGUMENT.........................................................................................................3

    I.    Legislative Intent – Anti-SLAPP ................................................................3

    II.    Even If The Anti-SLAPP Law Applied, Defendants Have Failed To Meet Their Burden Of Showing That Title IX Discipline In Absence Of A Shred Of Evidence Arises From Protected First Amendment Activity "In Connection With A Public Interest" ..................................................................................5

    III.    Even If The Anti-SLAPP Law Did Apply, And Title IX Discipline In Absence Of A Shred Of Evidence Was A "Public Issue", The Motion Should Still Be Denied Because Plaintiff Has A Reasonable Probability Of Success On The Merits ......................................................................................................6

    IV.    The Second Amended Complaint States Plausible Claims For Negligence, Negligent Infliction Of Emotional Distress, Negligent Misrepresentation, And Fraudulent Misrepresentation..........................................................................7

        A.    Defendants Mintz And Parashos Are Not Immune From Their Discretionary Acts    7

        B.    Defendants Are Not Immune From Misrepresentation Claims    8

C. Claims Against Defendants Are Viable ... 9

CONCLUSION ............................................................................................... 12

CERTIFICATE OF SERVICE ........................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

*Bily v. Arthur Young & Co.*, 3 Cal.4th 370, 407 (1992) ............................................. 10

*Conroy v. Regents of Univ. of Cal.*, 45 Cal. 4th 1244 (2009) ............................... 9, 10

*Conroy v. Spitzer*, 70 Cal.App.4th 1446, 1451 (Cal. Ct. App. 1999) ......................... 6

*Gallimore v. State Farm Fire & Cas. Ins. Co.*, 102 Cal. App. 4th 1388 (2002) .......... 5

*Kemmerer v. County of Fresno*, 200 Cal. App. 3d 1426 (1988) ................................ 8

*Kibler v. N. Inyo Cty. Local Hosp. Dist.*, 39 Cal. 4th 192, 197, 46 Cal. Rptr. 3d 41, 43, 138 P.3d 193, 195 (2006) ............................................................................. 3

*Laker v. Bd. of Trs. of Cal. State Univ.,* 32 Cal. App. 5th 745, 759, 244 Cal. Rptr. 3d 238, 251 (2019) ..................................................................................................... 4

*Lazar v. Superior Court*, 12 Cal.4th 631(1996) ........................................................ 11

*Matson v. Dvorak*, 40 Cal.App.4th 539, 548 (Cal. Ct. App. 1995) ............................ 6

*Ortega v. Kmart Corp.*, 26 Cal.4th 1200, 1205 (2001) ............................................... 9

*Paulus v. Bob Lynch Ford*, 139 Cal.App.4th 659, 672 (Cal. Ct. App. 2006) ............. 7

*People v. Bollaert*, 248 Cal. App. 4th 699, 710, 203 Cal. Rptr. 3d 814, 824 (2016) .. 4

*Small v. Fritz Companies, Inc.*, 30Cal.4th 167, 173 (2003) ...................................... 11

*Wilbanks v. Wolk*, 121 Cal.App.4th 883, 905 (Cal. Ct. App. 2004) ........................... 7

*Wilcox v. Superior Court*, 27 Cal.App.4th 809, 823 (Cal. Ct. App. 1994) ................. 6

*Yu v. Signet Bank/Virginia*, 103 Cal.App.4th 298, 318 (Cal. Ct. App. 2002) ............. 7

**Statutes**

Cal. Civ. Code § 425.16......................................................................................3, 6

Cal. Gov't Code § 822.2 ........................................................................................8

**NOW COMES** Plaintiff John Lema, by and through his attorneys, the Law Office of Keith Altman, with his Response to Defendants' Motion to Strike, and hereby states as follows:

## FACTUAL BACKGROUND

In the 2019-2022 academic year, Plaintiff was a student at San Diego State University ("SDSU"). Plaintiff was a member of the Phi Gamma Delta Fraternity while enrolled at SDSU. Plaintiff never held a leadership position within the fraternity. Further, Plaintiff had rare association with new pledges to the fraternity as he was never assigned a "little".

Plaintiff was scheduled to graduate in August 2020.

In July 2020, Plaintiff received an email from Defendant Mintz stating that he had allegedly violated specific portions of the California Code of Regulations initiating discipline proceedings, after an alleged hazing agreement at SDSU. Plaintiff was not involved in the alleged hazing incident, no evidence was brought forward at the time, or anytime thereafter, linking Plaintiff to the hazing event. Plaintiff was investigated solely for his membership with the fraternity.

On July 10, 2020, a hold was placed on Plaintiff's graduation. In August 2020, Plaintiff retained counsel to advise him on the disciplinary matter as his ability to graduate from SDSU had been inhibited.

In November of 2020, Plaintiff received a Settlement Agreement from SDSU stating multiple code violations without a single piece of evidence in support of such

an agreement. Defendant Mintz and Defendant Parashos sought discipline against Plaintiff as well as other students where the only thing the young men were guilty of was being a part of a fraternity organization. Zero evidence was presented showing Plaintiff had any participation in the occurrence of hazing activities. He was noted a single time as having been in the same location, although it is expressly noted that he was sick and only standing there, not participating. This can be seen by the investigation that Defendants conducted which resulted in a 200+ page investigative report in which Plaintiff's name appears only once, appearing as "Travis" in the investigative report. **Exhibit A, see page 118.**

The Settlement Agreement sought to compel Plaintiff to accept punishments for actions that he did not commit which would ultimately reflect on Plaintiff's academic transcript. A report was sent to Plaintiff in December of 2020 on the alleged hazing incident.

Plaintiff was able to graduate in May 2021 after substantial pressure was applied on SDSU by Plaintiff's counsel and all disciplinary proceedings against Plaintiff were dropped due to Defendant's unlawful action against Plaintiff.

Plaintiff suffered immense emotional suffering and hardship. Defendants' actions caused Plaintiff to incur significant attorney's fees to obtain the degree that he worked so hard for, absent SDSU's erroneous proceedings.

**STANDARD OF REVIEW**

Plaintiff agreed with Defendants stated standard of review regarding the present Anti-SLAPP motion.

**ARGUMENT**

I. **Legislative Intent – Anti-SLAPP**

Section 425.16 allows for the early dismissal of SLAPP suits and is often called the "anti-SLAPP" statute. Cal. Civ. Code § 425.16, *Kibler v. N. Inyo Cty. Local Hosp. Dist.*, 39 Cal. 4th 192, 197, 46 Cal. Rptr. 3d 41, 43, 138 P.3d 193, 195 (2006). In enacting that statute, the Legislature declared that "it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process." *Id.*

The statute provides that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Civ. Code § 425.16, subd. (b)(1). If a defendant brings a special motion under the anti-SLAPP statute to strike a cause of action, the trial court evaluates that motion using a two-step process: The first examines the nature of the conduct that underlies the plaintiff's allegations to

determine whether the conduct is protected by section 425.16; the second assesses the merits of the plaintiff's claim. *Laker v. Bd. of Trs. of Cal. State Univ.,* 32 Cal. App. 5th 745, 759, 244 Cal. Rptr. 3d 238, 251 (2019).

The Legislative intent in enacting Section 425.16 was to allow for judicial proceedings to continue. It was not enacted to allow individuals to run a witch hunt, in absence of evidence, under the guise of a judicial proceeding. The individual defendants acted with willful intent to harm the Plaintiff absent evidence of any wrongdoing.

"'The word "willfully," when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to.' In other words, '[t]he word "willfully" as generally used in the law is a synonym for "intentionally,"' and '"… implies no evil intent; '"it implies that the person knows what he is doing, intends to do what he is doing and is a free agent." *People v. Bollaert*, 248 Cal. App. 4th 699, 710, 203 Cal. Rptr. 3d 814, 824 (2016).

The Defendants had a duty to Plaintiff. Defendants reached that duty when they made the unilateral decision that Plaintiff was guilty of a Title IX violation in absence of a shred of evidence. Defendants misrepresented the investigation in order to harm the Plaintiff. As such, Plaintiff was harmed. The willful actions of the Defendants to find Plaintiff' guilty of a Title IX investigation in absence of a shred

of evidence against him is not what the California legislature sought to protect in enacting the Anti-SLAPP legislation.

Finally, even if the anti-SLAPP law did apply, and even if an investigation outside the bounds of judicial justice amounted to protected first amendment activity in connection with a public issue (which it does not), plaintiff still has a reasonable probability of prevailing on the merits.

## II. Even If The Anti-SLAPP Law Applied, Defendants Have Failed To Meet Their Burden Of Showing That Title IX Discipline In Absence Of A Shred Of Evidence Arises From Protected First Amendment Activity "In Connection With A Public Interest"

Defendants make weak attempts to argue that this case arises out of protected first amendment activity in connection with a public issue. There is no authority that plaintiff is aware of that might suggest that finding an individual guilty of misconduct to which he was not a part of, nor is there evidence to show he was a part of, is a matter of public concern. Accordingly, defendants have failed to carry their burden on the first prong of the test, so the analysis would not proceed to the second prong where plaintiff would have the burden to present evidence. "The Plaintiff… has no obligation to demonstrate [a] probability of success if the defendant fails to meet [its] threshold burden [at the first step]." *Gallimore v. State Farm Fire & Cas. Ins. Co.*, 102 Cal. App. 4th 1388 (2002).

**III.     Even If The Anti-SLAPP Law Did Apply, And Title IX Discipline In Absence Of A Shred Of Evidence Was A "Public Issue", The Motion Should Still Be Denied Because Plaintiff Has A Reasonable Probability Of Success On The Merits**

Even if the anti-SLAPP law did apply to Title IX discipline in the absence of a shred of evidence against an individual, Plaintiff has a reasonable probability of success on the merits because there is no denying that Defendants intentionally issued Plaintiff discipline in the absence of evidence to support such a finding. Defendants intentionally and willfully went outside of the judicial investigation, misrepresented the judicial process and investigation to Plaintiff and sought discipline against the Plaintiff with the intention of causing injury to the Plaintiff.

Where § 425.16 applies, the cause of action "shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Civ Code § 425.16 (b)(1) "To establish such a probability, a plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Matson v. Dvorak*, 40 Cal.App.4th 539, 548 (Cal. Ct. App. 1995); *Conroy v. Spitzer*, 70 Cal.App.4th 1446, 1451 (Cal. Ct. App. 1999); *Wilcox v. Superior Court*, 27 Cal.App.4th 809, 823 (Cal. Ct. App. 1994). The plaintiff's burden on this issue is akin to that of a party opposing nonsuit, directed verdict, or

summary judgment. *Paulus v. Bob Lynch Ford*, 139 Cal.App.4th 659, 672 (Cal. Ct. App. 2006). However, a "motion to strike under section 425.16 is not a substitute for a motion for a demurrer or summary judgment. In resisting such a motion, the plaintiff need not produce evidence that he or she can recover on every possible point urged. It is enough that the plaintiff demonstrates that the suit is viable, so that the court should deny the special motion to strike and allow the case to go forward." *Wilbanks v. Wolk*, 121 Cal.App.4th 883, 905 (Cal. Ct. App. 2004) (emphasis added). "The causes of action need only be shown to have 'minimal merit.'" *Yu v. Signet Bank/Virginia*, 103 Cal.App.4th 298, 318 (Cal. Ct. App. 2002).

**IV.** **The Second Amended Complaint States Plausible Claims For Negligence, Negligent Infliction Of Emotional Distress, Negligent Misrepresentation, And Fraudulent Misrepresentation**

The First Amended Complaint contains proper negligence, negligent infliction of emotional distress, negligent misrepresentation, and fraudulent misrepresentation claims against the Defendants. Accordingly, for the reasons stated above, and after accepting the facts in the operative complaint as true and drawing inferences in favor of Plaintiff, the motion must be denied.

**A. Defendants Mintz And Parashos Are Not Immune From Their Discretionary Acts**

Defendant Mintz and Defendant Parashos argue that they are immune from the claims because the acts or omissions on which the claim is based were

discretionary, this is not definitive. "'Generally speaking, a discretionary act is one which requires the exercise of judgment or choice. Discretion has also been defined as meaning equitable decision of what is just and proper under the circumstances.'" *Kemmerer v. County of Fresno*, 200 Cal. App. 3d 1426 (1988). Whether the Defendants actions were discretionary is a question for the Court.

Plaintiff argues that Defendants actions were not discretionary but were willful and wonton action against the Plaintiff. Not a single piece of evidence of Plaintiff's involvement in the alleged hazing incident had been obtained. Further, Defendants were aware that there was no evidence of Plaintiff's involvement, yet they continued to deprive Plaintiff of his education and submit him to the emotional trauma of the ongoing investigation; going as far as to provide a Settlement Agreement for actions they knew he was not a part of.

### B. Defendants Are Not Immune From Misrepresentation Claims

Cal. Gov't Code § 822.2 states "A public employee acting in the scope of his employment is not liable for an injury caused by his misrepresentation, whether or not such misrepresentation be negligent or intentional, unless he is guilty of actual fraud corruption or actual malice. Defendants acted with deliberate malice when they conducted an all-encompassing investigation into the alleged hazing event. Plaintiff was in no way a party to the alleged event, the only connection between the event and Plaintiff is his connection to the fraternity involved. SDSU's investigation was maliciously conducted to harm all students that chose to be a part of the fraternity.

When no evidence was found linking Plaintiff to the alleged hazing incident Defendants continued to further Plaintiff's pain by offering a Settlement Agreement requiring Plaintiff to admit wrongdoing that Defendants were aware Plaintiff did not participate in, directly causing harm to Plaintiff through his education.

Defendants are not immune from misrepresentation claims.

### C. Claims Against Defendants Are Viable

Plaintiff meets and exceeds his burden of showing a likelihood of success on the merits of his claims.

In order to establish liability on a negligence theory, a plaintiff must prove duty, breach, causation, and damages. *Ortega v. Kmart Corp.*, 26 Cal.4th 1200, 1205 (2001); *Conroy v. Regents of Univ. of Cal.*, 45 Cal. 4th 1244 (2009). Defendants had a duty to not levy disciplinary charges against Plaintiff that Defendants knew or should have known lacked evidence. Defendants had a further duty to ensure that any disciplinary charges levied against Plaintiff were well-founded before they concluded that he was responsible for them. Despite having no evidence to substantiate Plaintiff's culpability, Defendants accused Plaintiff of hazing-related conduct violation resulting in disciplinary proceedings. Absent any evidence, Defendants provided to Plaintiff that he was guilty by association and charged Plaintiff with: "compelled physically demanding activities (including calisthenics and body-weight workout)", "compelled forced alcohol consumption", "compelled individuals to drink foreign or unusual substances", "compelled acts of servitude

including personal servitude", "blindfolding", "paddling", "bullying", "intimidation", "physical and emotional degradation and humiliation of other students", "compelled pledges to contribute money to pay for alcohol that would be/was consumed during events" as supported by the settlement agreement provided to Plaintiff. **Exhibit B.** As a result of Defendants actions Plaintiff suffered injury.

As a result of Defendants negligence and Plaintiff's detrimental reliance on the assertions of Defendants Plaintiff suffered severe emotional distress.

The tort of negligent misrepresentation, a species of the tort of deceit (*Bily v. Arthur Young & Co.*, 3 Cal.4th 370, 407 (1992)), does not require intent to defraud but only the assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true. *Conroy v. Regents of Univ. of Cal.*, 45 Cal. 4th 1244 (2009).

Defendant Mintz stated to Plaintiff via email: "Reportedly, during the 2018-2019 and 2019-2020 academic years, you engaged in and conspired to engage in hazing activities that endangered the health and safety of California State University students." This statement clearly indicated to Plaintiff that there existed evidence that he had participated in hazing and that he was being accused of hazing based on this evidence. No such evidence has ever existed. Defendants provided to Plaintiff that he was guilty by association and charged Plaintiff with: "compelled physically demanding activities (including calisthenics and body-weight workout)", "compelled forced alcohol consumption", "compelled individuals to drink foreign

or unusual substances", "compelled acts of servitude including personal servitude", "blindfolding", "paddling", "bullying", "intimidation", "physical and emotional degradation and humiliation of other students", "compelled pledges to contribute money to pay for alcohol that would be/was consumed during events" as supported by the settlement agreement provided to Plaintiff. **Exhibit B.** At the time that the settlement agreement was provided to Plaintiff, Defendants knew or should have known that the settlement agreement was a misrepresentation of the facts and determination of the investigation. Plaintiff detrimentally relied on the assertations of the Defendants resulting in injury to the Plaintiff.

Fraud-intentional misrepresentation is defied by 'The elements of fraud, which gives rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.' *Small v. Fritz Companies, Inc.*, 30Cal.4th 167, 173 (2003), citing *Lazar v. Superior Court*, 12 Cal.4th 631(1996).

Defendant Mintz stated to Plaintiff via email: "Reportedly, during the 2018-2019 and 2019-2020 academic years, you engaged in and conspired to engage in hazing activities that endangered the health and safety of California State University students." This statement clearly indicated to Plaintiff that there existed evidence that he had participated in hazing and that he was being accused of hazing based on this evidence. No such evidence has ever existed. Defendants provided to Plaintiff

11

that he was guilty by association and charged Plaintiff with: "compelled physically demanding activities (including calisthenics and body-weight workout)", "compelled forced alcohol consumption", "compelled individuals to drink foreign or unusual substances", "compelled acts of servitude including personal servitude", "blindfolding", "paddling", "bullying", "intimidation", "physical and emotional degradation and humiliation of other students", "compelled pledges to contribute money to pay for alcohol that would be/was consumed during events" as supported by the settlement agreement provided to Plaintiff. **Exhibit B.** At the time that the settlement agreement was provided to Plaintiff, Defendants knew or should have known that the settlement agreement was a misrepresentation of the facts and determination of the investigation. Plaintiff detrimentally relied on the assertions of the Defendants resulting in injury to the Plaintiff.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that Defendants Anti-SLAPP special Motion to Strike be denied.

Dated: August 9, 2023   Respectfully submitted,

THE LAW OFFICE OF KEITH ALTMAN
Keith Altman (SBN 257309)
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*ATTORNEY FOR PLAINTIFF*

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2023, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system, thereby serving all registered users in this case.

*/s/ Keith Altman*
Keith Altman