CORRIE J. KLEKOWSKI (SBN 251338)
corrie.klekowski@quarles.com
HEATHER C. DAVIS (SBN 307850)
heather.davis@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendants The Board of
Trustees of the California State
University; Andrea Parashos; and Lee
Mintz

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Lema,<br><br>       Plaintiff,<br><br>     v.<br><br>The Board of Trustees of the California State University System, through its subdivision San Diego State University, Andrea Parashos (in her Individual Capacity), Lee Mintz (in her Individual Capacity), and Does 1-20 (in Their Individual Capacities),<br><br>       Defendants. | Case No. 21CV2131 JAH KSC<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANTS PARASHOS AND MINTZ'S SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT [C.C.P. § 425.16] AND FOR ATTORNEYS' FEES**<br><br>Hearing Date:  August 23, 2023<br>Time:         2:00 p.m.<br><br>District Judge:  Hon. John A. Houston<br>Crtrm.:         13B<br>Mag. Judge:   Hon. Karen S. Crawford<br>Crtrm:         Suite 1010<br>Trial Date:     Not Set<br><br>**EXEMPT FROM FEES**<br>**GOVT. CODE § 6103** |

## I.   INTRODUCTION

This motion can be granted because (1) Defendants have met their burden to show that the state law claims here arise out of communications protected by California's anti-SLAPP statute and (2) Plaintiff has failed to meet his burden to produce admissible evidence showing he has a probability of prevailing on his claims.

**Prong One:** Former student, John Lema, sues two University employees (Dr. Lee Mintz and Andrea Parashos) simply because they were involved in investigating and charging Lema with violations of the student code of conduct.  These are precisely the type of claims that fall within the purview of California's anti-SLAPP statute, just as if a criminal defendant sued a prosecutor.  Lema sues Defendants because of their petitioning conduct in his quasi-judicial student misconduct proceeding.  California Code of Civil Procedure 425.16 specifically applies where a lawsuit is premised on such petitioning conduct.

Lema does not dispute that proceedings under CSU Executive Order 1098, like the student misconduct investigation here, are protected by the anti-SLAPP statute as official proceedings authorized by law.  Because he cannot avoid the anti-SLAPP statute's clear application, Lema argues that his investigation was not a matter of public interest.  But the anti-SLAPP statute applies to petitioning conduct regardless of whether it is connected to an issue of public concern.

Lema also argues the anti-SLAPP statute should not protect petitioning conduct if the underlying legal proceeding lacked sufficient evidence or the defendant had an ill motive.  But this is simply not how anti-SLAPP motions work. In prong one, courts analyze if the claims arise out of protected activity (such as statements made in official proceedings).  In prong two, courts consider whether a plaintiff has a probability of prevailing.  Courts do not analyze the legality of the petitioning conduct in prong one, only whether the claims arise from such protected petitioning conduct.

Defendants have shown they are being sued because of their involvement in an official proceeding authorized by law.  Lema's claims arise out of Defendants' communications and conduct in this official proceeding.  These claims fall within the purview of the anti-SLAPP statue.

**Prong Two:** Once a defendant shows the claims arise from anti-SLAPP protected conduct, the burden shifts to the plaintiff to show, through admissible evidence, that he has a probability of prevailing on his claims.  Lema abjectly fails to meet his burden on prong two.  He does not provide this Court with any admissible evidence.  He provides no declaration opposing this motion and merely submits two unauthenticated exhibits rife with hearsay.  Without admissible evidence, Lema has not met his burden of showing he has a probability of prevailing on his claims.  Lema's claims are also not legally sound as Defendants are immune from suit for their discretionary conduct and alleged misrepresentations.

Because Lema's claims lack merit and attack Defendants' protected conduct, Defendants request that their anti-SLAPP motion be granted.

## II.  PRONG ONE: LEMA'S CLAIMS AGAINST DEFENDANTS ARISE SQUARELY UNDER THE ANTI-SLAPP STATUTE

As set forth in Defendants' moving papers, Lema sues Defendants for their statements made in furtherance of University proceedings arising under CSU Executive Order 1098, which is protected by the anti-SLAPP statute as petitioning conduct.  Code Civ. Proc. § 425.16 (e)(1), (2); *Laker v. Board of Trustees of California State University*, 32 Cal.App.5th 745, 765 (2019).  As a matter of law, proceedings under Executive Order 1098 are "official proceedings authorized by law."  *Id*.  Lema does not contend otherwise.  See Dkt. 22, Opposition, 3:5- 5:8.

Rather, Lema argues that Defendants' petitioning conduct should not be protected because it did not involve a matter of public interest or because the underlying proceeding lacked evidence.  Both arguments fail.

/ / /

**A.      Defendants' Petitioning Conduct is Protected Regardless of Whether It Involved a Public Issue**

The anti-SLAPP statute protects two broad categories of conduct: (1) free speech related to a public interest issue, and (2) petitioning conduct or availing oneself of the judicial, legislative, or quasi-judicial/legislative process.  Lema argues the anti-SLAPP statute does not protect Defendants' statements in his student misconduct investigation because their investigation did not involve a matter of public interest.  Dkt. 22, Opposition, 5:9-26.  However, he erroneously applies the anti-SLAPP standard for *free speech* instead of the applicable standard for *petitioning conduct*.

The conduct underlying Lema's claims does not pertain to the right to free speech (Section 425.16, subdivision (e)(3)), but the right to petition, i.e. availing oneself to the courts or legislative process or other official proceedings authorized by law (subdivisions (e)(1) and(2)).  The California Supreme Court has held that the plain language of anti-SLAPP statute encompasses any cause of action arising from *any* statement or writing made in, or in connection with, an issue under consideration in an official proceeding—a moving defendant is not required to demonstrate separately that the petitioning conduct concerned an issue of public significance.  *See Briggs v. Eden Council for Hope & Opportunity*, 19 Cal.4th 1106, 1116-1117 (1999); Code Civ. Proc. § 425.16 (e)(1), (2).  The anti-SLAPP statute protects *all* petition-related activities *even if no public issue is involved*.  *Id.* ["all that matters is that the First Amendment activity take place in an official proceeding or be made in connection with an issue being reviewed by an official proceeding"…"The statute does not limit its application to certain types of petition activity"].

If Defendants were arguing their conduct was protected by the anti-SLAPP statute because they were engaging in free speech activity, then Defendants would also need to show there was public interest in their speech, but that is not the portion

of the code section at issue here.  Defendants' conduct is not protected as free speech activity, but as petitioning conduct.  The anti-SLAPP statute protects all petitioning conduct as there is always public significance in judicial and quasi-judicial proceedings.  *Id.*  Thus, whether the University's investigation involved a matter of public interest has no bearing on the Court's determination of whether the anti-SLAPP statute applies here.

**B.     Lema's Arguments that Defendants Acted Illegitimately Are Irrelevant to Prong One of the Anti-SLAPP Analysis**

Next, Lema asserts, without legal support, that the anti-SLAPP statute should not protect Defendants because he concludes that Defendants acted willfully to harm Lema or lacked evidence against Lema in the underlying investigation.  Dkt. 22, Opposition, 4:7-10.  However, even if Lema could prove his conclusory statements (which he cannot), a defendant's intent is irrelevant to determining the first step of the anti-SLAPP analysis—whether the statute applies to the claims.  Defendants' motive and the merits of the underlying petitioning conduct is not at issue in the first prong, but could be raised by Lema (through admissible evidence) in the second prong to show a probability of prevailing.  *See Doe v. Gangland Productions, Inc.*, 730 F.3d 946, 954 (9th Cir. 2013) (quoting *Navellier v. Sletten*, 29 Cal.4th 82, 94 (2002) ["To determine whether a defendant has met its initial burden, a court does not evaluate whether defendant's conduct was lawful or unlawful.  Instead, any claimed illegitimacy of the defendant's acts is an issue which the plaintiff must raise *and* support in the second step of the analysis when the plaintiff bears the burden to show a probability of prevailing"].)  If, as Lema suggests, an anti-SLAPP defendant had to establish on the first prong that its actions were lawful, then the second prong "as to whether the plaintiff has established a probability of success would be superfluous." *Id.*  Accordingly, California courts and the Ninth Circuit have consistently held that Defendants may satisfy their prong one burden to show they were engaged in petitioning conduct under the anti-SLAPP statute, even when their

1  conduct was alleged by Plaintiff to be unlawful.  *Id.* at 954.

2  It is undisputed that Lema sues Defendants because of their communications

3  to him as part of the quasi-judicial student-misconduct investigation.  This conduct

4  falls under subdivisions (e)(1) and (e)(2) of the anti-SLAPP statute, Government

5  Code section 425.16.

6  **III.   PRONG TWO: LEMA OFFERS NO EVIDENCE DEMONSTRATING**

7  **A LIKELIHOOD OF SUCCESS AGAINST DEFENDANTS**

8  Because Defendants have established that the claims against them arise from

9  protected conduct, the burden shifts to Lema to show that he is likely to prevail on

10  each challenged claim.  Code Civ. Proc. § 425.16(b)(1); *Sweetwater Union High*

11  *Sch. Dist. v. Gilbane Bldg. Co.,* 6 Cal. 5th 931, 940 (2019) [When a SLAPP

12  defendant makes a threshold showing that a cause of action arises from protected

13  speech or conduct, the burden shifts to the plaintiff to show, through admissible

14  evidence, a probability of prevailing on the merits at trial].  This second step is a

15  "summary-judgment-like procedure."  *Id*.  Courts look at whether the plaintiff has

16  stated a legally sufficient claim <u>and</u> made *prima facie* factual showing sufficient to

17  sustain a favorable judgment.  Lema has failed to meet his burden.

18  First, Lema offers no admissible evidence to support his claims.  Lema offers

19  no declaration, affidavit, or testimony.  The only evidence he provides this Court are

20  two unauthenticated exhibits, one of which is double hearsay.  Dkt. 22-1 and 22-2.

21  Without admissible evidence, Lema cannot show he could prevail on any claim at

22  trial.  As the California Supreme Court explained in 2019, "[a]s to the second step

23  inquiry, a plaintiff seeking to demonstrate the merit of the claim 'may not rely solely

24  on its complaint, even if verified; instead, its proof must be made upon competent

25  admissible evidence.'"  *Sweetwater Union, supra*, 6 Cal. 5th 931, 940 [internal

26  citations omitted]; see also *Nicosia v. De Rooy*, 72 F. Supp. 2d 1093, 1097 (N.D.

27  Cal. 1999) ["Pleadings by themselves are inadequate to demonstrate a prima facie

28  case the plaintiff must submit admissible evidence to show a probability of

1   prevailing at trial"].  Lema assumes this Court will accept the facts in his complaint

2   as true and draw inferences in his favor, but this is not a motion to dismiss.  Dkt. 22,

3   Opposition, 7:21-22.  This is an anti-SLAPP motion, and Lema is required to submit

4   admissible evidence.  He has not done so.

5       In determining an anti-SLAPP plaintiff's probability of success, courts may

6   consider declarations, affidavits, or other statements under oath; but in addition to

7   submission in the proper form, the evidence relied on by the plaintiff must also be

8   admissible at trial.  *Id.* at 945-946.

9       > In sum, at the second stage of an anti-SLAPP hearing, the
10      > court may consider affidavits, declarations, and their
        > equivalents if it is reasonably possible the proffered
11      > evidence set out in those statements will be admissible at
        > trial. Conversely, if the evidence relied upon cannot be
12      > admitted at trial, because it is categorically barred or
        > undisputed factual circumstances show inadmissibility, the
        > court may not consider it in the face of an objection.
13

14  *Id.* at 949.  Lema has provided neither a statement under oath, nor evidence in a

15  form that would be admissible at trial.  An unauthenticated 220-page document that

16  purports to contain a hearsay summary of hearsay statements is certainly not

17  evidence that would be admissible at trial.  Dkt. 22-1.  Put simply, Lema has

18  provided no evidence this Court could consider to determine he has a probability of

19  prevailing at trial.

20      Even it Lema's unauthenticated exhibits were considered by this Court, they

21  do not show that he could prevail on his claims against Defendants.  For example,

22  Lema has provided no evidence from which this Court could conclude that he was

23  likely to prove at trial that he has been harmed.  Harm is an element of each of his

24  claims.  Harm cannot be assumed where the uncontested admissible evidence shows

25  that the misconduct charges against Lema were dropped, he graduated, and was

26  never disciplined by the University.  Dkt. 18-2, Mintz Dec. 6:3-10.  Similarly, Lema

27  has not shown through any evidence that Defendants were negligent, made any

28  misrepresentation to him, or acted with malice.  See *Nicosia v. De Rooy*, 72 F. Supp.

2d at 1097 [granting anti-SLAPP motion to strike because malice not shown through admissible evidence.].

Lema relies only on an argument that belies his misunderstanding of the scope of the investigation and the student conduct code. As shown through Defendants' evidence, the University was investigating years of alleged hazing within a fraternity that Lema was a member, not just a single night of hazing gone awry. Dkt. 18-2, Mintz Dec. 3:19-26. Additionally, Lema need not have been the hazer or personally engaged in hazing to be properly charged with misconduct; mere acquiescence or apathy in the presence of hazing is a violation of the student conduct code. Cal. Code of Reg. 5 § 41301 (b)(8). So, even if there was evidence supporting it, Lema's argument is without merit because he could have been lawfully and legitimately investigated even if he was not personally involved in the student's death. Even if this Court were to consider Lema's inadmissible submissions, he has not shown that he is likely to prevail in proving the elements of his claims. Since Lema failed to meet his burden, Defendants' anti-SLAPP motion must be granted. *Conroy v. Spitzer*, 70 Cal.App.4th 1446, 1450 (1999) ["If the opposing party fails to make the requisite showing, the anti-SLAPP motion must be granted."].

Finally, as argued in the moving papers, Lema's claims against Defendants are not legally tenable. For this independent reason, he does not have a probability of prevailing. Defendants are immune from liability for their acts in instituting and prosecuting quasi-judicial disciplinary proceedings against Lema. Cal. Gov't Code § 821.6 [no liability for conduct instituting and prosecuting administrative proceedings]; Cal. Gov't Code § 820.2 [no liability for discretionary acts]; Cal. Gov't Code §§ 822.2 and 818.8 [no liability for misrepresentations]. Lema provides no reason why these immunities should not apply, other than conclusory statements that "Defendants acted with intentional malice when they conducted an all-encompassing investigation." Dkt. 22, Opposition, 8:22-24. Such conclusory

statements, unsupported by evidence, need not be considered by this Court and do not demonstrate that Lema's claims are legally tenable.

### IV.   DEFENDANTS MUST BE AWARDED FEES AND COSTS

A prevailing defendant on a special motion to strike "shall be entitled" to recover its attorneys' fees and costs.  Code Civ. Proc. § 425.16(c); *Ketchum v. Moses*, 24 Cal.4th 1122, 1131 (2001).  Defendants will submit a separate motion requesting their reasonable fees and costs, and requests that the Court award them the fees and costs incurred in connection with this motion.

### V.   CONCLUSION

For the reasons set forth herein and in Defendants' moving papers, Defendants respectfully request that the Court grant their Motion to Strike Lema's second, third, fourth, and fifth claims and award them the fees and costs incurred in bringing this motion.

Dated:  August 16, 2023          QUARLES & BRADY LLP


                                 By:      */s/ Heather C. Davis*
                                          CORRIE J. KLEKOWSKI
                                          HEATHER C. DAVIS
                                          Attorneys for Defendants The Board of
                                          Trustees of the California State University;
                                          Andrea Parashos; and Lee Mintz